65
1/22/
vf

FILED
HARRISBURG, PA

JAN 2 1 2003

MARY E. D'ANDREA, CLERK
Per _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH I. SCHORR and SUSAN SCHORR, | : JURY TRIAL DEMANDED |
| Plaintiffs | : |
| | : |
| v. | : NO.:    1:CV-01-0930 |
| | : |
| BOROUGH OF LEMOYNE, | : HONORABLE YVETTE KANE ✓ |
| BOROUGH OF WORMLEYSBURG, | : (MANNION, M.J.) |
| WEST SHORE REGIONAL | : |
| POLICE DEPARTMENT, HOWARD | : |
| DOUGHERTY, CHIEF WEST SHORE | : |
| REGIONAL POLICE DEPARTMENT, | : |
| CUMBERLAND COUNTY, ROBERT | : |
| GORIL, EXECUTIVE DIRECTOR, | : |
| CUMBERLAND COUNTY MENTAL | : |
| HEALTH/MENTAL RETARDATION | : |
| DEPARTMENT AND HOLY SPIRIT | : |
| HOSPITAL, | : |
| Defendants | : |

## RESPONSIVE BRIEF OF DEFENDANT CUMBERLAND COUNTY IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

# I.    PROCEDURAL HISTORY

This action arises from the death of the Plaintiffs' Decedent (their son) who eloped from Holy Spirit Hospital in the course of an involuntary commitment pursuant to §302 of the Mental Health Procedures Act ("MHPA") and, after a violent struggle with two police officers of the Defendant West Shore Regional Police Department, was fatally shot by one of the officers.  On May 25, 2001 Plaintiffs Keith I. Schorr and Susan Schorr, in their own right and as personal representatives of the Estate of Ryan K. Schorr, filed a complaint against Cumberland County and other Defendants.  A First Amended Complaint was filed on August 2, 2001.  The First Amended Complaint has seven counts.

With regard to the allegations against Cumberland County, Count II is brought pursuant to 42 U.S.C. §1983 and alleges violation of the Fourteenth Amendment of the Unites States Constitution; Count IV alleges violation of the Rehabilitation Act of 1973; Count V alleges violation of Title II of the Americans with Disabilities Act; and Counts VI

and VII are brought against all the Defendants and allege a survival action and wrongful death action, respectively.

On or about October 4, 2001, Defendants West Shore Regional Police Department ("WSRPD") and Chief Howard Dougherty ("Chief Dougherty") filed a Motion to Dismiss Plaintiffs' First Amended Complaint and a Brief in Support.

On October 17, 2001, Plaintiffs filed a Reply to the Motion of Defendants WSRPD and Chief Dougherty.  On October 17, 2001, Defendant Cumberland County filed a Motion to Dismiss Counts IV, V, VII, and VIII of the First Amended Complaint and a Brief in Support. On October 19, 2001, Plaintiffs filed a Reply to Cumberland County's Motion to Dismiss.  On November 21, 2001, Cumberland County filed a Reply Brief in Further Support of its Motion to Dismiss.

On October 27, 2002, United States Magistrate Judge Malachy E. Mannion filed a Report and Recommendation pertaining to the Motions to Dismiss of WSRPD, Chief Dougherty and Cumberland County.  The Report and Recommendation concluded that the Motion of Defendants WSRPD and Chief Dougherty should be granted and Counts V, VI, and

3

VII of Plaintiff's First Amended Complaint should be dismissed.  The Report and Recommendation also concluded that Cumberland County's Motion to Dismiss Counts IV, V, VI and VII of the Plaintiff's First Amended Complaint should be granted.

On January 10, 2003, Plaintiffs filed Objections to the Report and Recommendation of the Magistrate Judge and a Brief in Support. Plaintiffs stated in their Brief that they "object only to that portion of the report recommending that '[b]ecause the plaintiffs have failed to sufficiently allege a Title II [of the ADA] cause of action under either the wrongful arrest or reasonable accommodation theory, the defendants' Motion to Dismiss Count V of the plaintiffs' complaint [against defendant police commission] should be granted'." <u>See</u> Plaintiffs' Brief, page 1.  Plaintiffs make no objections regarding the Magistrate Judge's conclusions pertaining to Cumberland County.

The instant Brief is filed in response to Plaintiffs' objections to the Magistrate Judge's Report and Recommendation.

## II.    STATEMENT OF THE FACTS

This action arises out of the death of Plaintiffs' son, Ryan K. Schorr, as a result of an incident that occurred on November 18, 2000. The Decedent suffered from a psychiatric illness known as bipolar (manic) disorder.  Shortly before November 18, 2000, the Decedent's mental state allegedly deteriorated.  With the Plaintiffs' approval, the Decedent's housemate, Matthew Gaumer, requested that an order be issued for the Decedent's involuntary commitment pursuant to §302 of the Pennsylvania Mental Health Procedures Act, 50 P.S. §7302.

A crisis intervention worker at Holy Spirit Hospital evaluated the application, determined that the Decedent presented a clear and present danger to himself or others, and caused an order to be issued for the Decedent's involuntary commitment.  After obtaining the order and corresponding warrant, two officers of the WSRPD went to Decedent's house and transported him to Holy Spirit Hospital where the Decedent was placed in a high security room in the emergency department to wait for an evaluation.  When a crisis intervention worker attempted to enter

the room, the Decedent forced his way past her and ran out of the hospital.

Eventually, the Decedent returned to his house. After being notified of the Decedent's whereabouts, the two WSRPD officers returned to the Decedent's house and again attempted to take him into custody. The subsequent encounter escalated into a physical struggle between the Decedent and the WSRPD officers, during which the Decedent was fatally wounded by one of the officers.

III.    **COUNTER STATEMENT OF QUESTIONS PRESENTED**

A.    **SHOULD THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT CUMBERLAND COUNTY'S MOTION TO DISMISS COUNTS IV, V, VI AND VII OF THE PLAINTIFFS' FIRST AMENDED COMPLAINT BE AFFIRMED BECAUSE:**

   1)    **PLAINTIFFS HAVE FAILED TO SPECIFY AND OBJECT TO ANY PART OF THE REPORT AND RECOMMENDATION PERTAINING TO CUMBERLAND COUNTY AS REQUIRED BY LOCAL RULE 72.3; AND**

   2)    **THE FIRST AMENDED COMPLAINT CONTAINS NO ALLEGATIONS THAT CUMBERLAND COUNTY AND THE WEST SHORE REGIONAL POLICE DEPARTMENT ARE RELATED ENTITIES SUCH**

:315319_1                                6

THAT THE COUNTY WOULD HAVE BEEN
INVOLVED IN THE DEVELOPMENT OR
ENFORCEMENT OF POLICE DEPARTMENT
POLICIES, PROCEDURES, PRACTICES, AND
CUSTOMS?

Suggested Answer: Yes

B. **SHOULD THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION GRANTING DEFENDANT
CUMBERLAND COUNTY'S MOTION TO DISMISS
COUNTS IV, V, VI, AND VII OF THE PLAINTIFFS' FIRST
AMENDED COMPLAINT BE AFFIRMED FOR ALL THE
REASONS SET FORTH IN CO-DEFENDANT WEST SHORE
REGIONAL POLICE DEPARTMENT'S BRIEF IN
RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE
REPORT AND RECOMMENDATION?**

Suggested Answer: Yes

IV.  ARGUMENT

A.1.  **The Magistrate Judge's Report and Recommendation
granting Defendant Cumberland County's Motion to
Dismiss should be affirmed because Plaintiffs have
failed to specify and object to any part of the Report
and Recommendation pertaining to Cumberland
County as required by Local Rule 72.3.**

On December 27, 2002 United States Magistrate Judge

Malachy A. Mannion filed a Report and Recommendation pertaining to

the Motion to Dismiss of WSRPD, Chief Dougherty and Cumberland

:315319_1                              7

County.  The Report and Recommendation concluded that the Motion of Defendants WSRPD and Chief Dougherty should be granted.

In Part IV of his Report and Recommendation, the Magistrate Judge discusses Cumberland County's Motion to Dismiss Counts IV, V, VI, and VII of the Plaintiffs' First Amended Complaint. See Magistrate Judge's Report and Recommendation, pages 19-20.  He concludes that the motion should be granted.  See Magistrate Judge's Report and Recommendation, page 21.

Plaintiffs have objected only to the Magistrate's findings which dismissed Count V of the First Amended Complaint as it pertains to WSRPD.  Plaintiffs have not specified or identified any objections to those parts of the Report and Recommendation regarding Cumberland County.  Therefore, any such objections should be deemed waived.

Plaintiffs' Objections to the Report and Recommendation of the Magistrate Judge and a Brief in Support pertain only to WSRPD. For example, Plaintiffs state in their Brief that they "object only to that portion of the report recommending that '[b]ecause the Plaintiffs have failed to sufficiently allege a Title II [of the ADA] cause of action under

either the wrongful arrest or reasonable accommodation theory, the Defendants' Motion to Dismiss Count V of the Plaintiffs' Complaint [against Defendant Police Commission] should be granted.'" <u>See</u> Plaintiffs' Brief, page 1.  In their Brief, Plaintiffs make no objections regarding the Magistrate's Conclusions pertaining to Cumberland County.

Nor are any objections regarding Cumberland County contained in Plaintiffs' Objections to the Magistrate Report and Recommendation. For example, in Plaintiffs' Objections to the Magistrate Report and Recommendation Dated 12/27/02, Plaintiffs state that they "object to the recommendation to dismiss Count V of their First Amended Complaint in which they allege that the West Shore Regional Police Commission violated Title II of the ADA by failing to train its police officers to respond to the needs of individuals with disabilities to ensure that individuals such as Ryan Schorr would not be discriminated against or denied the benefits of their services, programs or activities.  (<u>See</u> Magistrate's Report and Recommendation, page 11.)" <u>See</u> Plaintiffs' Objections, page 1.

Also in their Objections to the Report and Recommendation, the Plaintiffs state that they "request that the portion of the Magistrate's Report and Recommendation recommending that Count V of Plaintiffs' Complaint against Defendant West Shore Regional Police Commission be dismissed, be set aside and Defendant's Motion to Dismiss be denied." See Plaintiffs' Objections to the Magistrate Report and Recommendation dated 12/27/02, page 2. The Objections do not specify that Plaintiffs are objecting to any of the Magistrate's conclusions pertaining to Cumberland County.

Furthermore, in Plaintiffs' Brief in Support of their Objections, they also state and specify the following:

> For all of the above reasons, Plaintiffs request that this Court set aside the portion of the Report and Recommendation of the Magistrate Judge recommending dismissal of Count V of their Complaint against Defendant Police Commission, and that the Defendant's Motion to Dismiss Count V be denied.

See Plaintiffs' Brief, pages 7-8.

Middle District Local Rule 72.3 provides as follows:

**L.R. 72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS**

:315319_1                                    10

Any party may object to a Magistrate Judge's Proposed Findings, Recommendations or Report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) . . . within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties written objections **which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objection.** ... A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

Middle District L.R. 72.3

As pointed out previously, Plaintiffs have objected only to the Magistrate's findings which dismissed Count V of the First Amended Complaint as it pertains to WSRPD. Plaintiffs have not specified or identified any objections to those parts of the Magistrate's Report and Recommendation regarding Cumberland County. Therefore, any such objections should be deemed waived.

Also, any subsequent attempt by Plaintiffs to file such objections to the Report and Recommendation's conclusions as to Cumberland County should be deemed as untimely because Local Rule 72.3 provides that such objections must be made within ten days of being

served with a copy of the Report and Recommendation and that time period has expired.

Therefore, a review of the Magistrate's Report and Recommendation should be limited to the recommended dismissal of Count V against the Defendant WSRPD.  The Magistrate's conclusions dismissing Counts IV, V, VI, and VII of the First Amended Complaint against Cumberland County should be affirmed and adopted.

> **A.2.  The Magistrate Judge's Report and Recommendation granting Defendant Cumberland County's Motion to Dismiss should be affirmed because the First Amended Complaint contains no allegations that Cumberland County and the West Shore Regional Police Department are related entities such that the County would be involved in the development or enforcement of police department policies, procedures, practices and customs.**

Plaintiffs have objected to the Magistrate's Report and Recommendation with regard to the WSRPD, claiming that the Report erred in viewing Title II violations in the course of an arrest and the failure to accommodate.  Plaintiffs argue that their ADA claim arises not from either of those two limited circumstances, "but from the Commission's refusal to modify its policies, practices and procedures to

12

ensure that its police officers were competent to execute Section 302 warrants." See Plaintiffs' Brief, page 2. Plaintiffs' Brief limits the argument regarding alleged violation of the ADA by the police department to "lack of training" and failure of the police department to "modify policies, practices or procedures" to ensure that individuals with disabilities are not discriminated against." See Plaintiffs Brief, pages 4 and 2, respectively.

However, the First Amended Complaint contains no allegations that Cumberland County and the WSRPD are related entities such that the county would have been involved in the development or enforcement of police department training, polices, procedures, practices or customs; nor is there any evidence of record showing such a connection. Therefore, Plaintiffs have failed to state a claim against Cumberland County upon which relief may be granted. For this reason also, the Magistrate Judge's Report and Recommendation granting Defendant Cumberland County's Motion to Dismiss should be affirmed and adopted.

**B.    The Magistrate Judge's Report and Recommendation granting Defendant Cumberland County's Motion to**

:315319_1                                              13

**Dismiss should be affirmed for all the reasons set forth in co-defendant West Shore Regional Police Department's Brief in Response to Plaintiffs' Objections to the Report and Recommendation.**

Defendant Cumberland County incorporates by reference the legal argument set forth in co-defendant, West Shore Regional Police Department's Brief in Response to Plaintiffs' Objections to the Report and Recommendation as if set forth at length.  For these reasons also, the Magistrate Judge's Report and Recommendation granting Defendant Cumberland County's Motion to Dismiss Counts IV, V, VI and VII of the First Amended Complaint should be affirmed and adopted.

Respectfully submitted,

METTE, EVANS & WOODSIDE

By: _____

John F. Yaninek, Esquire
Supreme Court I.D. #55741
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
717-232-5000

Attorneys for Defendants Holy Spirit Hospital and Cumberland County

Date: January 21, 2003

:315319_1                                        14

# CERTIFICATE OF SERVICE

    I, JOHN F. YANINEK, ESQUIRE, hereby certify that I am serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Gerald J. Williams, Esquire
Williams, Cuker and Berezofsky
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1895

David J. MacMain, Esquire
Montgomery, McCracken,
Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

Stephen S. Pennington Esquire
Williams, Cuker and Berezofsky
One Penn Center at Suburban
1617 JFK Boulevard, Station Suite 800
Philadelphia PA 19103

Magistrate Judge Mannion
U.S. District Court
235 North Washington Ave.
P.O. Box 1148
Scranton, PA 18501

**METTE, EVANS & WOODSIDE**

By: _____
John F. Yaninek, Esquire
Sup. Ct. I.D. No. 55741
3401 North Front Street
P. O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000

Attorneys for Defendants Holy Spirit
Hospital and Cumberland County

Date: January 21, 2003

:315319 _1