IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH I. SCHORR, SUSAN SCHORR, in their own right and as personal representatives of the ESTATE OF RYAN K. SCHORR, : : : : | JURY TRIAL DEMANDED : HONORABLE YVETTE KANE |
| Plaintiffs, : | |
| v. : : | |
| BOROUGH OF LEMOYNE, et al., : : | |
| Defendants. : | NO. 1:CV-01-0930 |

**PLAINTIFFS' REPLY BRIEF TO DEFENDANT WEST SHORE REGIONAL POLICE COMMISSION'S BRIEF IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**ARGUMENT**

    A.    **Plaintiffs' ADA Claim is not Limited to Arrests**

This case cannot be analyzed under <u>Hainze v. Richards</u>, 207 F.3d 795 (5th Cir. 2000). The officers in this case were authorized under the Pennsylvania Mental Health Procedures Act to take Ryan Schorr to Holy Spirit Hospital for emergency treatment. This task is not limited to police officers. The county administrator may issue a warrant requiring a person authorized by him, or any peace officer, to take a person who is severely mentally disabled to an appropriate facility. <u>See</u> 50 P.S. §7302. These are situations where training on how to deal with

emotionally disturbed persons is critical, and where application of a rigid enforcement role is not necessary and, as here, often results in the use of lethal force.

Further, <u>Hainze</u> does not apply to all situations involving the police. Despite defendant's argument in Part B of its brief, it is clear from the Third Circuit's recent decision in <u>Estate of Robert Cecil Smith, et al v. Trooper James Marasco, et al</u>, No. 02-1437 (January 29, 2003), that the police may be liable when they overreact to a situation involving an emotionally disturbed person. While not an ADA or training case per se, the court in <u>Smith</u> recognized that where the police inappropriately assume a "rigid enforcement role", it may "aggravate and escalate the tenor of the situation", leading to unnecessary harm or death. <u>Id</u>.

Also, defendants reliance upon the Grand Jury Report is neither dispositive, nor admissible at this stage. The Grand Jury considered whether the officers committed any criminal wrongdoing, not whether their actions were the result of the deliberate failure of the defendant West Shore Regional Police Commission to train them properly to deal with emotionally disabled persons in an involuntary emergency treatment and examination situation. The Grand Jury only focused on the use of lethal force and not whether the events leading up to Ryan's death fell below acceptable standards for dealing with severally mentally disabled persons.

1. **Defendant had an Obligation to Evaluate Police Training**

If defendant would have complied with the ADA regulations, 28 C.F.R §35.105(a), they would have know that there was an urgent need for training. This section requires that:

> a public entity shall, within one year. . .
> evaluate its current services,
> policies, and practices, and the effects
> thereof, that do not meet
> the requirements of this part and, to the
> extent modification of any
> such services, policies, and practices is
> required, the public entity
> shall proceed to make the necessary
> modifications.

To argue, as defendant does, that police departments have no such responsibility is contrary to the legislative history of the ADA which recognizes that discriminatory treatment by police departments can be avoided through proper training. 1990 U.S.C.C.A.N. at 473. It is also contrary to the case law already cited by plaintiffs which identifies police departments as public entities. See e.g., Jackson v. Town of Sanford, 1994 U.S. Dist.Ct. LEXIS 15367, *24 (recognizing applicability of Title II to police force).

2. **Totality of Circumstances**

Plaintiffs' reference to the "totality of circumstances" is in response to

3

defendant's narrow view of this case. Defendant's liability is not based upon the conduct of the officers, but directly as a result of its failure to train, which in this case constitutes a constitutional violation.

**CONCLUSION**

For all of the above reasons, as well as those set forth in their objections to the Report and Recommendation of the Magistrate Judge, plaintiffs' request that this Court deny defendant's motion to dismiss their ADA claim against defendant Commission, and that the Report and Recommendation of the Magistrate Judge as to this claim be set aside.

                    Respectfully submitted,

*[signature]*

Stephen S. Pennington, Esquire
I.D. #31612
Center for Disability Law & Policy
(215) 557-7112
GERALD J. WILLIAMS, ESQUIRE
I.D. #36418
Williams, Cuker & Berezofsky
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-0099

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, STEPHEN S. PENNINGTON, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Reply Brief to Defendant West Shore Regional Police Commission's Brief in Opposition to Plaintiffs' Objections to the Report and Recommendation of the Magistrate Judge addressed to the Court via overnight United Parcel Service and Defendants by U.S. first class mail, postage prepaid upon the following counsel:

>Gregory J. Hauck, Esquire
>Montgomery, McCracken, Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109
>Counsel for Defendants Borough of Lemoyne,
>West Shore Regional Police Commission and
>Howard Dougherty
>
>John F. Yaninek, Esquire
>Mette, Evans & Woodside
>3401 North Front Street
>P.O. Box 5950
>Harrisburg, PA 17110-0950
>Counsel for Defendant Holy Spirit Hospital

_____
STEPHEN S. PENNINGTON, ESQUIRE

Dated:    February 6, 2003