FILED
HARRISBURG, PA

FEB 12 2003

MARY E. D'ANDREA, CLERK
Per _____
     Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH I. SCHORR and SUSAN SCHORR, in their own right and as personal representatives of the Estate of RYAN K. SCHORR, | : : : : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : | |
| v. | : : | NO.: 1:CV-01-0930 |
| WEST SHORE REGIONAL POLICE DEPARTMENT, HOWARD DOUGHERTY, CUMBERLAND COUNTY, ROBERT GORIL and HOLY SPIRIT HOSPITAL, | : : : : : | M.J. Mannion |
| Defendants. | : | |

### DEFENDANT CUMBERLAND COUNTY'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

I.  **NATURE OF ACTION, JURISDICTION AND VENUE**

   1.  Denied. This paragraph states legal conclusions to which no response is required.

   2.  Denied. This paragraph states legal conclusions to which no response is required.

   3.  Denied. This paragraph states legal conclusions to which no response is required.

   4.  Denied. This paragraph states legal conclusions to which no response is required.

## II. THE PARTIES

5. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 5 and are therefore denied with strict proof demanded at trial.

6. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 6 and are therefore denied with strict proof demanded at trial.

7. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 7 and are therefore denied with strict proof demanded at trial.

8. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 8 and are therefore denied with strict proof demanded at trial.

9. Admitted.

10. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 10 and are therefore denied with strict proof demanded at trial.

11. Admitted.

### III. MATERIAL FACTUAL ALLEGATIONS

12. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 12 and are therefore denied with strict proof demanded at trial.

13. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 13 and are therefore denied with strict proof demanded at trial.

14. Denied. This paragraph states legal conclusions to which no response is required.

15. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 15 and are therefore denied with strict proof demanded at trial.

16. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 16 and are therefore denied with strict proof demanded at trial.

17. Denied. This paragraph states legal conclusions to which no response is required.

18. Denied. This paragraph states legal conclusions to which no response is required.

19. Denied. This paragraph states legal conclusions to which no response is required.

20. Denied. This paragraph states legal conclusions to which no response is required.

21. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 21 and are therefore denied with strict proof demanded at trial.

22. Denied.

23. Denied.

24. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 24 and are therefore denied with strict proof demanded at trial.

25. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 25 and are therefore denied with strict proof demanded at trial.

26. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 26 and are therefore denied with strict proof demanded at trial.

27. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 27 and are therefore denied with strict proof demanded at trial.

28. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 28 and are therefore denied with strict proof demanded at trial.

29. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 29 and are therefore denied with strict proof demanded at trial.

30. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 30 and are therefore denied with strict proof demanded at trial.

31. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 31 and are therefore denied with strict proof demanded at trial.

32. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 32 and are therefore denied with strict proof demanded at trial.

33. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 33 and are therefore denied with strict proof demanded at trial.

34. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 34 and are therefore denied with strict proof demanded at trial.

35. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the trust or veracity contained within the allegations of paragraph 35 and are therefore denied with strict proof demanded at trial.

36. Denied. This paragraph states legal conclusions to which no response is required.

## COUNT I

### PURSUANT TO 42 U.S.C. §1983
### Plaintiffs v. The Commission And Dougherty

37. Defendant Cumberland County incorporates herein by reference paragraphs 1 through 36 as though each and every allegation were set forth fully at length herein.

38-47. These paragraphs are directed to another defendant and no response is required by answering defendant Cumberland County.

## COUNT II

### PURSUANT TO 42 U.S.C. §1983
### Plaintiffs v. Defendants Cumberland County, Robert Goril and Holy Spirit Hospital

48. Defendant Cumberland County incorporates herein by reference paragraphs 1 through 47 as though each and every allegation were set forth fully at length herein.

49. Denied.

50. Denied.

51. Denied.

## COUNT III

### NEGLIGENCE (PENDENT JURISDICTION)
### Plaintiffs v. Holy Spirit Hospital

52. Defendant Cumberland County incorporates herein by reference paragraphs 1 through 51 as though each and every allegation were set forth fully at length herein.

53-54. These paragraphs are directed to another defendant and no response is required by answering defendant Cumberland County.

### COUNT IV

### PURSUANT TO THE REHABILITATION ACT OF 1973
### Plaintiffs v. The Commission, Dougherty, Cumberland County and Goril

55-61. This Count has been voluntarily withdrawn and/or dismissed by the Court and no answer is required by answering defendant Cumberland County.

### COUNT V

### PURSUANT TO TITLE II OF THE ADA
### Plaintiffs v. The Commission, Cumberland County, Dougherty and Goril

62-68. This Count has been voluntarily withdrawn and/or dismissed by the Court and no answer is required by answering defendant Cumberland County.

### COUNT VI

### SURVIVAL
### Plaintiffs v. All Defendants

69-71. This Count has been voluntarily withdrawn and/or dismissed by the Court and no answer is required by answering defendant Cumberland County.

### COUNT VII

### WRONGFUL DEATH
### Plaintiffs v. All Defendants

72-74. This Count has been voluntarily withdrawn and/or dismissed by the Court and no answer is required by answering defendant Cumberland County.

V.  **JURY DEMAND**

75.  Denied. This paragraph states legal conclusions to which no response is required.

VII.  **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Cumberland County demands that Plaintiff's Amended Complaint be dismissed with prejudice and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

76. Defendant Cumberland County incorporates herein by reference paragraphs 1 through 75 as though each and every allegation were set forth fully at length herein.

77. Plaintiffs' Amended Complaint fails to state a claim against Defendant Cumberland County in which relief may be granted.

78. Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations, including among others 42 Pa. C.S.A. §5524, and 40 P.S. §1301.605.

79. Under Pennsylvania law, parents do not have a recognized cause of action for loss of consortium and said claims are not sustainable.

80. Defendant Cumberland County is qualifiedly immune from damages in the above civil action.

81. Defendant Cumberland County is immune from civil liability in the above matter by operation of the Pennsylvania Medical Health Procedures Act, 50 P.S. §7107, *et seq.*, §7114(a).

82. Plaintiffs' claims may be barred by a release.

83. Answering Defendant hereby raises the affirmative defenses of Section 602 and 606 of the Health Care Services Malpractice Act of 1975, *as amended.*

84. Plaintiffs' claims may be barred by the doctrines of estoppel, collateral estoppel and race judicata.

VIII. **DEMAND FOR JURY TRIAL**

86. Defendant Cumberland County demands a trial by jury on all issues.

**WHEREFORE**, Defendant Cumberland County demands that Plaintiff's Amended Complaint be dismissed with prejudice and such other relief as the Court deems just and proper.

Respectfully submitted,

METTE, EVANS & WOODSIDE

By: *[signature]*

John F. Yaninek, Esquire
Sup. Ct. I.D. No. 55741
3401 North Front Street
P. O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000
Attorneys for Defendant Cumberland County

DATE: February 10, 2003

## CERTIFICATE OF SERVICE

I, JOHN F. YANINEK, ESQUIRE, hereby certify that I am serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Gerald J. Williams, Esquire
Williams, Cuker and Berezofsky
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1895

David J. MacMain, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

Stephen S Pennington Esquire
One Penn Center at Suburban
Station Suite 800
1617 JFK Boulevard
Philadelphia PA 19103

METTE, EVANS & WOODSIDE

By: _____
John F. Yaninek, Esquire
Sup. Ct. I.D. No. 55741
3401 North Front Street
P. O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000

Attorneys for Defendant Cumberland County

DATE: February 10, 2003

317657_1