IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH I. SCHORR and SUSAN SCHORR, In their own right and as personal representatives of the Estate of RYAN K. SCHORR, | : <br> : <br> : <br> : <br> : |
| Plaintiffs, | : |
| vs. | : No. 1:CV-01-0930 |
| WEST SHORE REGIONAL POLICE COMMISSION, HOWARD DOUGHERTY, CUMBERLAND COUNTY, ROBERT GORIL and HOLY SPIRIT HOSPITAL, | : <br> : <br> : <br> : <br> : |
| Defendants. | : |

FILED
HARRISBURG, PA
FEB 1 8 2003
MARY E. D'ANDREA, CLERK
Per _____

**DEFENDANTS WEST SHORE REGIONAL POLICE COMMISSION
AND CHIEF HOWARD DOUGHERTY'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants West Shore Regional Police Commission and Chief Howard Dougherty (collectively referred to as "Answering Defendants") hereby respond to Plaintiffs' First Amended Complaint ("Complaint") denying each and every averment thereof except as expressly admitted by the following:

## I. NATURE OF ACTION, JURISDICTION AND VENUE

1-4. It is admitted only that this Court has jurisdiction to hear Plaintiffs' purported claims and venue properly lies with this Court. The remaining averments contained in paragraphs 1 through 4 of the Complaint are denied.

## II. THE PARTIES

5. Answering Defendants admit only that Ryan K. Schorr died on November 18, 2000. The remaining averments contained in paragraph 5 of the Complaint are denied.

6. Denied.

7. Admitted.

8. It is admitted only that Chief Howard Dougherty was the Borough Manager for Lemoyne from 1986 to the present, that he was the Chief of the West Shore Regional Police Department from 1995 to the present, and that as the Chief of the West Shore Regional Police Department he is responsible for its supervision and the development, making, implementation and maintenance of its policies, customs and practices. The remaining averments contained in paragraph 8 of the Complaint are denied.

9.-11. The averments contained in paragraphs 9 through 11 of the Complaint are directed to parties other than Answering Defendants and, accordingly, they are hereby denied.

## III. MATERIAL FACTUAL ALLEGATIONS

12.-13.   Answering Defendants are without knowledge or information to form a belief as to the truth of the averments contained in paragraphs 12 through 13 of the Complaint.

14.   The averments contained in paragraph 14 of the Complaint are legal conclusions to which no responsive pleading is required and are therefore deemed denied.

15.-18.   Answering Defendants are without knowledge or information to form a belief as to the truth of the averments contained in paragraphs 15 through 18 of the Complaint.

19.   It is admitted only that on November 18, 2000, Cumberland County's Control Unit contacted the West Shore Regional Police Department and that the West Shore Regional Police Department was asked to take Ryan Schorr into custody.  The remaining averments contained in paragraph 19 of the Complaint are denied.

20.   The averments of paragraph 20 are directed to a party other than Answering Defendants and, accordingly, they are hereby denied.

21.   It is admitted only that police officers Gary Berresford and Harry Hart, Jr. of the West Shore Regional Police Department obtained an order and warrant for Ryan Schorr's involuntary commitment, traveled to Ryan's Schorr's

house and escorted him to Holy Spirit Hospital, where Ryan Schorr was placed in a room in the hospital's emergency department. The remaining averments contained in paragraph 21 of the Complaint are denied.

22.-24.  Answering Defendants are without knowledge or information to form a belief as to the truth of the averments contained in paragraphs 22 through 24 of the Complaint.

25.  It is admitted only that on November 18, 2000, Cumberland County's Control Unit was in contact with Officers Berresford and Hart and that Cumberland County's Control Unit informed the officers that Ryan Schorr had returned to 445 Meadow Drive. Answering Defendants are without knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 25 of the Complaint.

26.  Denied.

27.  It is admitted only that on November 18, 2000, when Officers Berresford and Hart returned to Ryan Schorr's house, they were alone. The remaining averments contained in paragraph 27 of the Complaint are denied.

28.  It is admitted only that on November 18, 2000, when Officers Berresford and Hart executed the warrant for Ryan Schorr's involuntary commitment, Officers Berresford and Hart were equipped with firearms and

batons. The remaining averments contained in paragraph 28 of the Complaint are denied.

29. Admitted.

30. It is admitted only that on November 18, 2000, Officer Berresford and Hart, after repeatedly calling for Ryan Schorr and receiving no response, proceeded up the stairs of Ryan Schorr's house and that when Officer Berresford reached the top of the stairs, he peaked around a corner and saw Ryan Schorr wearing only a hat and a coat. The remaining averments contained in paragraph 30 of the Complaint are denied.

31. It is admitted that Ryan Schorr violently, viciously and repeatedly attacked Officers Berresford and Hart, including, among other things, removing and seizing control of Officer Berresford's gun, firing it and causing a portion of the officer's finger to be shoot off of his hand; pistol whipping the officers; striking the officers with a rifle; and attempting to stab them with a knife. It is further admitted, that in defense of his life and the life of Officer Berresford, Officer Hart struck Ryan Schorr with his expandable police baton. The remaining averments contained in paragraph 31 of the Complaint are denied.

32. It is admitted only that on November 18, 2000, Ryan Schorr, while totally nude, fled from his house, sat in a West Shore Regional Police Department patrol car, returned to the house where the officers had remained and re-attacked

the officers. The remaining averments contained in paragraph 32 of the Complaint are denied.

33. It is admitted that Ryan Schorr returned to the room and again violently, viciously and repeatedly attacked Officer Hart including striking him with metal pots and/or pans in the area of his head. It is further admitted, that in defense of his life and the life of Officer Berresford, Officer Hart, fired his service weapon at Ryan Schorr, said shots wounding and killing Ryan Schorr. The remaining averments contained in paragraph 33 of the Complaint are denied.

34.-36. Denied.

IV. **CAUSES OF ACTION**

**COUNT I
PURSUANT TO 42 U.S.C. § 1983
PLAINTIFFS v. THE COMMISSION AND DOUGHERTY**

37. Answering Defendants hereby incorporate their answers to paragraphs 1 through 36 of the Complaint, inclusive, as if fully set forth herein at length.

38.-42. It is admitted that Answering Defendants were, prior to the present incident, aware that officers of the West Shore Regional Police Department encounter all types of persons, in all degrees of emotional and mental states and in all types of scenarios and incidents. Included in the types of incidents that officers may be called to handle, and in fact handled, prior to the present incident, without notable difficulty or complaint, were involuntary emergency mental health

commitments. As with all aspects of police work, officers employed by the West Shore Regional Police Department, including Officers Berresford and Hart, received extensive training through a variety of sources – formal, informal and on-the-job training, regarding a variety of topics including interacting and dealing with persons in all aspects of emotional and mental states. The remaining averments contained in paragraphs 38 through 42 of the Complaint are denied.

43.-47.   Denied.

WHEREFORE, Answering Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorney's fees and any further relief deemed appropriate by this Court.

## COUNT II
## PURSUANT TO 42 U.S.C. § 1983
## PLAINTIFFS v. DEFENDANTS CUMBERLAND COUNTY, ROBERT GORIL AND HOLY SPIRIT HOSPITAL

48.   Answering Defendants hereby incorporate their answers to paragraphs 1 through 47 of the Complaint, inclusive, as if fully set forth herein at length.

49.-51.   The averments of paragraphs 49 through 51 are directed to a party other than Answering Defendants and, accordingly, they are hereby denied.

## COUNT III
### NEGLIGENCE (PENDENT JURISDICTION)
### PLAINTIFFS v. HOLY SPIRIT HOSPITAL

52. Answering Defendants hereby incorporate their answers to paragraphs 1 through 51 of the Complaint, inclusive, as if fully set forth herein at length.

53.-54. The averments of paragraphs 53 through 54 are directed to a party other than Answering Defendants and, accordingly, they are hereby denied.

## COUNT IV
### PURSUANT TO THE REHABILITATION ACT OF 1973
### PLAINTIFFS v. THE COMMISSION, DOUGHERTY
### CUMBERLAND COUNTY AND GORIL

Count IV of the Complaint was dismissed by the September 5, 2002 Stipulation of Partial Dismissal and the February 10, 2003 Order of this Court, and accordingly, no response is required.

## COUNT V
### PURSUANT TO TITLE II OF THE ADA
### PLAINTIFFS v. THE COMMISSION,
### CUMBERLAND COUNTY, DOUGHERTY AND GORIL

Count V of the Complaint as to Defendant Chief Howard Dougherty was dismissed by the February 10, 2003 Order of this Court and, accordingly, no response is required by him. The West Shore Regional Police Commission responds to this Count as follows:

62. The West Shore Regional Police Commission hereby incorporates its answers to paragraphs 1 through 61 of the Complaint, inclusive, as if fully set forth herein at length.

63.-64.    The averments contained in paragraphs 63 through 64 of the Complaint are legal conclusions to which no responsive pleading is required and are therefore deemed denied.

65.    The averments contained in paragraph 65 of the Complaint are directed to a party other than the West Shore Regional Police Commission and, accordingly, they are hereby denied.

66.-68.    Denied.

WHEREFORE, the West Shore Regional Police Commission respectfully requests that the Court enter judgment in its favor and against Plaintiffs, together with costs, disbursements, attorney's fees and any further relief deemed appropriate by this Court.

## COUNT VI
## SURVIVAL
## PLAINTIFFS v. ALL DEFENDANTS

Count VI of the Complaint was dismissed by the February 10, 2003 Order of this Court and, accordingly, no response is required.

## COUNT VII
## WRONGFUL DEATH
## PLAINTIFFS v. ALL DEFENDANTS

Count VII of the Complaint was dismissed by the February 10, 2003 Order of this Court and, accordingly, no response is required.

## V. **JURY DEMAND**

75. The averments contained in paragraph 75 of the Complaint are legal conclusions to which no responsive pleading is required.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' decedent assumed the risk of harm by his own conduct.

### **THIRD AFFIRMATIVE DEFENSE**

Any injury or damage sustained by Plaintiffs was a direct and proximate result of Plaintiffs' decedent's conduct.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped in whole, or in part, from raising the claims set forth in the Complaint.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part, or otherwise subject to reduction by reason of Plaintiffs' decedent's contributory negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, or otherwise subject to reduction by the doctrines of res judicata and/or collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

No act or failure to act on the part of Answering Defendants violated any constitutional right of Plaintiffs or Plaintiffs' decedent.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from all or part of the claims set forth in Plaintiffs' Complaint.

### NINTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs and Plaintiffs' decedent were afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### TENTH AFFIRMATIVE DEFENSE

At no material time did Answering Defendants adopt or permit, either formally or informally, a policy, custom or practice which tolerated or permitted the violation of the civil rights of any individual, including Plaintiffs and Plaintiffs' decedent.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, the policies and procedures of Answering Defendant have been reasonable and appropriate and have insured the protection of

all rights, privileges and immunities of the public, including Plaintiffs and Plaintiffs' decedent.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S.A. § 8501 et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' decedent suffered no injury as a result of any acts or omissions by Answering Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of the Answering Defendants were justified under the circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did the Answering Defendants act in a willful, wanton, reckless and/or malicious manner.

WHEREFORE, Answering Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorney's fees and any further relief deemed appropriate by this Court.

Respectfully submitted,

Dated:  February 13, 2003

_____
David J. MacMain  (Atty. I.D. No. 59320)
Gregory J. Hauck  (Atty. I.D. No. 82958)
MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109-1099
(215) 772-1500

Attorneys for Defendants West Shore Regional Police Commission and Chief Howard Dougherty

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint to be served, via first-class mail, postage prepaid, upon each of the following persons:

>Gerald J. Williams, Esquire
>Williams, Cuker & Berezofsky
>One Penn Center
>1617 JFK Boulevard, Suite 800
>Philadelphia, PA  19103-1895
>Attorney for Plaintiffs
>
>John F. Yaninek
>Mette, Evans & Woodside
>3401 North Front Street
>P.O. Box 5950
>Harrisburg, PA  17110-0950
>Attorney for Cumberland County and
>Holy Spirit Hospital

Dated:  February 13, 2003

_____
Gregory J. Hauck