ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH I. SCHORR, SUSAN SCHORR, in their own right and as personal representatives of the ESTATE OF RYAN K. SCHORR | : | JURY TRIAL DEMANDED |
| v. | : | HONORABLE YVETTE KANE |
| Plaintiffs, | : | |
| BOROUGH OF LEMOYNE, et al. | : | |
| Defendants. | : | NO. 1:CV-01-0930 |

FILED
HARRISBURG
MAR 25 2003
MARY E. D'ANDREA, CL
Per ___ DEPUTY CLERK

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS WEST SHORE REGIONAL POLICE COMMISSION AND CHIEF HOWARD DOUGHERTY'S MOTION FOR SUMMARY JUDGMENT**

## I. The Court may not grant judgment on plaintiffs' claim under 42 U.S.C. §1983.

WSRPC and Chief Dougherty have mounted an argument which is wrong both on the applicable law and the evidentiary record in this case.

Defendants make a two-fold contention that: a) plaintiffs must show a violation of the Fourth Amendment by the individual policemen involved in the encounter with plaintiffs' decedent; and b) the liability of WSRPC and its Chief in this case depends strictly on satisfaction of the test for municipal liability set out in *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). This legal theory has been squarely rejected in this case by the Magistrate Judge's Report and Recommendation regarding defendants' Motion to Dismiss (Report and Recommendation, 12/27/02, at 4-10), adopted by the Court. Order and Opinion, 2/24/03, at 3.

Defendants are wrong because they persist in ignoring the law of the Third Circuit. This case is governed by *Fagan v. City of Vineland*, 22 F.3d 1283 (3d Cir. 1994), where the Court

explicitly held that "an underlying constitutional tort can still exist even if no individual police officer violated the Constitution." *Id.* at 1292. The "underlying tort" in *Fagan*, of course, was a violation by the municipality of the Fourteenth Amendment — a violation for which the municipality was directly liable. *Id.* Defendants suggest incorrectly that this "notion" was rejected in the Circuit's recent opinion in *Brown v. Commonwealth of Pennsylvania Dep't of Health Emergency Med. Servs.*, 2003 WL 148919 (3d Cir. 1/22/03). *Brown* did no such thing. It merely held, in keeping with *Fagan* that the Fourteenth Amendment must be violated by the municipality, and result in harm for there to be a cognizable action. *Id.* at *8. Indeed, the *Brown* court explicitly held with *Fagan* that "it is possible for a municipality to be held independently liable for a substantive due process violation even in situations where none of its employees is liable." *Id.*

In this case, the record is replete with evidence that defendants were well aware of highly foreseeable risks attendant to encounters with the mentally ill and those subject to §302 commitment, and in fact, a substantial part of the Commission's work involved such encounters. See Plaintiffs' Statement of the Case, pp. 8-9; *see also*, N.T. Dougherty, Hart, Berresford (WSRP Ex. I, H, G), *passim*. Chief Dougherty was aware of substantial problems with "§302 " "elopements" from Holy Spirit, and the difficulties they presented to his officers. WSRP Ex. I, pp. 56-8. As plaintiffs' experts have pointed out a number of readily available and easily implemented procedures and training have long existed to address these problems. See Plaintiffs' Statement of Case, and Exs' A, D and E. But despite this knowledge, defendants provided Officers Berresford and Hart with no training whatsoever regarding work with the severely mentally ill. See Plaintiffs' Statement of the Case, pp. 10, and referenced exhibits; *see also*, Plaintiffs' Response to WSRP Statement of Material Facts, ¶¶s 71, 73, 77, 78, 86, 89 and 93, with associated exhibits. Defendants

failed to comply with statutorily promulgated requirements under the Americans with Disabilities Act intended *inter alia*, to assure the non-discriminatory delivery of service to the mentally ill. See Plaintiffs' Statement of the Case, p. 10. *See also,* discussion, *infra*, at 5. Defendants failed to adopt any policy which would instruct or enable police officers to obtain assistance from qualified mental health personnel. In fact, Chief Dougherty essentially viewed (and continues to view) Cumberland County's mental health crisis workers to be useless and unknowledgeable. See WSRP Ex. I, *passim*, and related discussion in Plaintiffs' Statement of the Case.

As the Third Circuit held in a closely analogous "state-created danger" case decided January 29, 2003, where a state actor exhibits a level of "gross negligence or arbitrariness," or acts at a level "significantly below accepted professional standards for dealing with emotionally disturbed persons," the conduct may be found by a jury to "shock the conscience." *Smith v. Morasco, et al.*, 318 F.3d 497, 2003 U.S. App. LEXIS 1432 (3d Cir. 2003), at *24. Where that conduct results in creating a foreseeable risk of serious harm which is ultimately realized, a violation of the Constitution may be found. *Id.* at *28. This is what happened here, plaintiffs are entitled to have a jury determine their claim.

With respect to the lack-of-training aspect of plaintiffs' claim, defendants have likewise failed to meet their burden for obtaining summary judgment. In the first place, it is not true, as defendants suggest, that plaintiffs cannot establish a lack of appropriate training. To the contrary, defendants have admitted that no training applicable to the encounter with Ryan Schorr was in place before the incident. *See, e.g.,* Defts' Answers to Plaintiffs' Interrogatory nos. 13-17, pltf. Ex. F. *See also*, Plaintiffs' Statement of the Case, pp. 8-12, and referenced exhibits. Defendants provided no training under the Americans With Disabilities Act, and implemented no policies for adequately

dealing with the mentally ill, despite their statutory obligations. *Id.* Plaintiffs' experts have provided opinions regarding the marked degree to which these and other failures deviate from accepted practice, and the causal relationship between them and the fatal inability of Officers Berresford and Hart to follow the "cardinal rules" applicable to the situation. *Id.*

Moreover, defendants cannot escape liability on the basis of the admitted fact that both Officers Berresford and Hart met the basic requirements set by Pennsylvania's Municipal Police Officers Education and Training Commission. None of the cases cited by them for this proposition stands for it.[1] To the contrary, all of them acknowledge that minimum, state-approved training may be insufficient, either because the state training itself is inadequate, or because the local municipality ignores an "obvious need for enhanced training." *See, e.g., Johnson v. Milwaukee*, 41 F.Supp. 2d 917, 931 (E.D. Wis. 1999). Here, plaintiffs have amassed evidence that, in the face of a known problem, WSRPC and Chief Dougherty utterly failed to provide any training on encounters with the emotionally disturbed, despite the officers' testimony that as much as half their "calls" involved such persons.[2] See Plaintiffs' Statement of the Case, pp. 6-12 and associated exhibits. As a result, two part-time, untrained officers were sent into a volatile situation and mishandled it. The death of Ryan Schorr followed inexorably. *Id. See also,* Pltf. expert reports, Exs. A, D and E.

---

[1]Obviously, if defendants' view were correct, all Pennsylvania police departments would be immune from training claims, as all police officers are required to undergo MPOETC certified.

[2]Defendants wrongly suggest that a requisite "deliberate indifference" by them cannot be shown because there were apparently no previous incidents with §302 subjects involving shooting or excessive force. While such a pattern would be relevant in determining deliberate indifference, it would not be dispositive. The key to "deliberate indifference" is knowledge of a foreseeable harm. *See, e.g., Smith v. Morasco, supra.* That has been established here.

**II. The Court may not dismiss plaintiffs' claim under the Americans With Disabilities Act ["ADA"].**

In seeking summary judgment on the ADA claim, defendants largely restrict their legal argument to a "respectful disagreement" with this Court's previous ruling and a superfluous "preservation" of their previous arguments. Deft. brief, p. 18. Plaintiffs respond by reference to the arguments made in their two previous briefs on the subject, and the Court's February opinion.

Defendants' factual argument is equally specious. Here, it is an admitted fact that WSRPC took no steps to bring itself into compliance with the ADA, and provided no ADA training whatsoever to Officers Berresford and Hart. Defts.' Answers to Plaintiffs' Interrogatories, nos. 13-17, Pl. Ex. F. Plaintiffs' experts have opined that such failure was a material cause of Ryan Schorr's death. Pl. Exs. A, D and E. These facts vitiate defendants' claim that plaintiffs cannot prove their ADA case because the officers' shooting of Ryan Schorr was "justified" when viewed from the perspective available in the heat of the moment in which it occurred. Defts. brief, pp. 20-21. As this Court has said:

> The alleged non-compliance with the training requirements of the ADA did not occur the day that the officers shot Ryan Schorr; it occurred well before that day, when the defendant policy makers failed to institute policies to accommodate disabled individuals such as Schorr by giving the officers the tools and resources to handle the situation peacefully.

Court's 2/10/03 Opinion, p. 11.

For all these reasons, the Court should deny defendants' motion.

GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
Williams Cuker & Berezofsky
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-0099

STEPHEN S. PENNINGTON, ESQUIRE
Attorney I.D. No. 31612
Center For Disability Law & Policy
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-7112

Counsel for Plaintiffs

Dated: March 24, 2003

**CERTIFICATE OF SERVICE**

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Brief in Opposition to Defendants West Shore Regional Police Commission and Chief Howard Dougherty's Motion for Summary Judgment by first class mail, postage prepaid upon the following counsel:

John F. Yaninek, Esquire
Mette, Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
Counsel for Defendants Borough of Cumberland, Cumberland County Mental Health/Mental Retardation Center and Holy Spirit Hospital

Gregory J. Hauck, Esquire
David J. MacMain, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Counsel for Defendants West Shore Regional Police Commission

GERALD J. WILLIAMS, ESQUIRE

Dated: March 24, 2003

F:\DATA\SCHORR\PLEADING\3-24-03wsrpcbrief.wpd