

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH I. SCHORR, SUSAN SCHORR, in their own right and as personal representatives of the ESTATE OF RYAN K. SCHORR | : JURY TRIAL DEMANDED |
| v. | : HONORABLE YVETTE KANE |
| Plaintiffs, | : |
| BOROUGH OF LEMOYNE, et al. | : |
| Defendants. | : NO. 1:CV-01-0930 |

FILED
HARRISBURG

MAR 25 2003

MARY E. D'ANDREA, CL
Per_____
DEPUTY CLERK

**PLAINTIFFS' REPLY TO THE STATEMENT OF MATERIAL FACTS OF DEFENDANTS WEST SHORE REGIONAL POLICE COMMISSION AND CHIEF HOWARD DOUGHERTY**

1-7.   Admitted.

8.   Denied. There is no evidence that any ingestion of marijuana or "ecstasy" by Ryan Schorr exacerbated his condition. Moreover, no such "ingestion" is material to the issues presented in this motion.

9-20.   Admitted.

21.   Admitted in part; denied in part. It is admitted that the officers handled the first encounter without "problems or difficulties." It is denied that this was accomplished in a manner "consistent with prior training," as they had not received training in dealing with emotionally disturbed persons.

22-30.   Admitted.

31.   Denied. There is no evidence that the music was made louder "in response" to Ryan Schorr's hearing the officers. See, e.g., deposition of Officer Berresford, Defts. Ex. G, p. 42.

32. Admitted as stated. By way of further answer, Officer Berresford had unstrapped his holstered firearm, and gripped it in his hand, in anticipation of its possible use, as he began climbing the stairs.

33-35. Admitted.

36. Denied as stated. See Officer Berresford's deposition, Defts. Ex. B, p. 44.

37. Denied as stated. It is admitted only that a physical struggle ensued.

38. Denied as stated. See response to ¶37.

39. Admitted.

40. Admitted in part, denied in part. It is admitted that Officer Hart struck decedent repeatedly with a baton. It is denied that the blows, which resulted in multiple injuries to Ryan Schorr had no effect.

41. Denied. See, e.g., deposition of Officer Hart, Defts. Ex. H, pp. 33-4.

42-43. Denied as stated. See Officer Hart's deposition, Deft. Ex. H, pp. 35-36.

44. Denied. See, e.g., Officer Hart's testimony. *Id.*, p. 37.

45. Admitted.

46. Admitted only that neither officer intentionally fired his gun.

47. Admitted only that Officer Berresford was bleeding.

48. Admitted.

49. Denied as stated. More than one minute elapsed between the time Ryan Schorr left his bedroom and the time he re-entered it. *Id.* at p. 41.

50-52. Admitted only that, on his return to the bedroom, Schorr held a pot and a pan, and that Officer Hart fired several shots, resulting in Schorr's death.

53-55. Admitted only that post-mortem blood tests purportedly showed traces of the referenced drugs. It is denied that this fact is material, and further denied that the referenced traces had any material effect on Ryan Schorr or his behavior.

56-57. Admitted.

58. Denied as stated. In the first instance, the purported findings of the Grand Jury are inadmissible in this proceeding. Moreover, the selected findings referenced by defendants have been taken out of context. The Grand Jury found numerous other facts, including the lack of sufficient resources in Cumberland County, and lack of appropriate training of law enforcement personnel dealing with emotionally disturbed persons. See, e.g., plaintiffs' reply to defendants' motion to dismiss and portions of the Grand Jury's report quoted therein.

59-62. Admitted as stated.

63. Denied as stated. The number of involuntary commitment warrants served by WSPD varies from year to year. See Deft. Ex. I, pp. 14-15; 17.

64. Denied. To the contrary, Chief Dougherty testified as to numerous problems. See Defts. Ex. F, pp. 24-28; 50-58.

65-66. Admitted as stated.

67-70. Admitted.

71. Denied. As Officer Berresford testified in the deposition excerpts cited by defendants, he had no training. He did testify that he was involved in prior "302s." Deft. Ex. "G," pp. 19-20; 81-82.

72-75. Admitted that Officer Berresford testified as stated by defendants. It is denied that the events he described are examples of training.

3

76. Admitted.

77. Admitted.

78. Admitted that Officer Berresford testified as stated. Denied that his opinion states an accurate or material fact.

79-85. Admitted.

86. Denied as stated. Officer Hart characterized a number of his courses as "lightly touching" on the topic of emotionally disturbed people, but admitted that he had never received any formal police training on the subject. Defendants' Ex. H, pp. 11-12; 65.

87-90. Admitted as stated. By way of further answer, there is a marked difference between dealing with "emotionally upset" people [¶88], and the emotionally disturbed, who, like Ryan Schorr, have been diagnosed with a mental illness.

91-92. Admitted.

93. Admitted only that Officer Hart testified as stated. It is denied that his opinion states a material or accurate fact.

Respectfully submitted,

_____
GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
Williams Cuker & Berezofsky
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-0099
Counsel for Plaintiffs

Dated: March 25, 2003

4

## CERTIFICATE OF SERVICE

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Reply to Statement of Material Facts of Defendants West Shore Regional Police Commission and Chief Howard Dougherty by first class mail, postage prepaid upon the following counsel:

John F. Yaninek, Esquire
Mette, Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
Counsel for Defendants Borough of Cumberland,
Cumberland County Mental Health/Mental
Retardation Center and Holy Spirit Hospital

Gregory J. Hauck, Esquire
David J. MacMain, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Counsel for Defendants West Shore Regional Police Commission

_____
GERALD J. WILLIAMS, ESQUIRE

Dated: March 24, 2003

F:\DATA\SCHORR\PLEADING\3-19-03westshorereply.wpd