ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH I. SCHORR, SUSAN SCHORR, in their own right and as personal representatives of the ESTATE OF RYAN K. SCHORR<br><br>v.<br><br>Plaintiffs,<br><br>BOROUGH OF LEMOYNE, et al.<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>HONORABLE YVETTE KANE<br><br>NO. 1:CV-01-0930 |

**PLAINTIFFS' REPLY TO DEFENDANT
HOLY SPIRIT HOSPITAL'S
MOTION FOR SUMMARY JUDGMENT**

1-3. Admitted as stated.

4. Admitted.

5. Admitted as stated.

6. Denied as stated. To the contrary, as plainly stated in the language of the very paragraphs quoted by defendant, Count III also contains allegations of gross negligence. Complaint, ¶53.

7-10. These paragraphs comprise conclusions of law requiring no answer from plaintiffs under Local Rule 56.1. Plaintiffs' legal positions are stated in their accompanying brief.

11. Admitted that defendant's quotation of the cited sentence from the Court's opinion is accurate.

12. Denied. To the contrary, paragraphs 54(b) and (c) mean exactly what they say.

13-14. See response to paragraphs 7-10.

15. Admitted.

16. Admitted in part, denied in part. It is admitted that, if plaintiffs' negligence action were premised soley on a medical decision to "allow decedent to remain unsupervised in Room 17 of the Emergency Department without physical restraint," it would be a complaint about a treatment decision. Any other conclusions drawn or implied by ¶16 are denied.

17. Denied. The one-sentence reference to a legal standard in counsel's retainer letter to an expert is neither "significant" nor an admission.

18-19. See response to paragraph 7-10.

20. Admitted.

21. Admitted.

22. Admitted.

23-26. See response to ¶¶s 7-10.

27. Denied as an incorrect conclusion of law. See plaintiffs' brief.

28. Admitted.

29. Admitted.

30. Denied as stated. It is admitted that plaintiffs make the referenced allegation. Defendant's description of it as "conclusory" is irrelevant and meaningless.

31-35. See response to ¶¶s 7-10.

36. Denied. To the contrary the evidence establishes that Holy Spirit acted with deliberate indifference.

37. Denied. See ¶50, First Amended Complaint, which "speaks for itself."

38-45. Admitted only that defendant's citations of selected excerpts from the record are accurate.

46. Denied Defendant's assertion is not justified by the total evidence of record, including that cited in plaintiff's brief.

47. Denied. See response to ¶46.

48-49. See response to ¶¶s 7-10.

50. Denied. To the contrary, ample evidence establishes Holy Spirit's gross negligence.

51. Denied. See response to ¶50.

WHEREFORE, for these and the reasons set forth in the accompanying brief, defendant's motion must be denied.

Respectfully submitted,

GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
Williams Cuker & Berezofsky
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-0099

Counsel for Plaintiffs

Dated: March 24, 2003

## CERTIFICATE OF SERVICE

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Reply to Defendant Holy Spirit Hospital's Motion for Summary Judgment by first class mail, postage prepaid upon the following counsel:

John F. Yaninek, Esquire
Mette, Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
Counsel for Defendants Borough of Cumberland,
Cumberland County Mental Health/Mental
Retardation Center and Holy Spirit Hospital

Gregory J. Hauck, Esquire
David J. MacMain, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Counsel for Defendants West Shore Regional Police Commission

_____
GERALD J. WILLIAMS, ESQUIRE

Dated: March 24, 2003

F:\DATA\SCHORR\PLEADING\3-14-03reply.wpd