ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH I. SCHORR, SUSAN SCHORR, in their own right and as personal representatives of the ESTATE OF RYAN K. SCHORR<br><br>v.<br><br>Plaintiffs,<br><br>BOROUGH OF LEMOYNE, et al.<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>HONORABLE YVETTE KANE<br><br>NO. 1:CV-01-0930 |

PLAINTIFFS' REPLY TO DEFENDANT
CUMBERLAND COUNTY'S
MOTION FOR SUMMARY JUDGMENT



FILED
HARRISBURG
MAR 25 2003
MARY E. D'ANDREA, CLERK
Per_____
      DEPUTY CLERK

1-3. Admitted as stated.

4. Admitted. By way of further answer, Cumberland County conducted all of its "crisis intervention" activities, including the processing of involuntary commitments under §302 of Pennsylvania's Mental Health Procedures Act, through Holy Spirit Hospital.

5. Admitted as stated.

6-8. Admitted as stated.

9. It is admitted only that no employees of Cumberland County officials had "direct contact" with Ryan Schorr, to the extent that phrase is defined to mean a personal encounter. Several County employees, however, were involved in the processing of Ryan Schorr's commitment, the coordination of the police response to his "elopement," and in the funding, identification, implementation and oversight of §302-related activities at Holy Spirit Hospital.

10-11. These are conclusions of law requiring no answer here. As stated in plaintiffs' accompanying brief, however, Cumberland County may be found liable in this case under 42 U.S.C. §1983.

12-13. Denied for the reasons set forth in the accompanying brief.

14-21. Denied as stated. Plaintiffs incorporate herein by reference their responses to ¶¶s 38-46 of defendant Holy Spirit Hospital's Motion for Summary Judgment, which are virtually identical to the assertions set forth in these paragraphs.

22-23. Denied. For the reasons set forth in the accompanying brief, many material factual issues remain, and defendants' motion must be denied.

WHEREFORE, plaintiffs ask the Court to issue their proposed Order denying the motion.

Respectfully submitted,

GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
Williams Cuker & Berezofsky
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-0099

Counsel for Plaintiffs

Dated: March 24, 2003

2

## CERTIFICATE OF SERVICE

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Reply to Defendant Cumberland County's Motion for Summary Judgment by first class mail, postage prepaid upon the following counsel:

John F. Yaninek, Esquire
Mette, Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
Counsel for Defendants Borough of Cumberland,
Cumberland County Mental Health/Mental
Retardation Center and Holy Spirit Hospital

Gregory J. Hauck, Esquire
David J. MacMain, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Counsel for Defendants West Shore Regional Police Commission

_____
GERALD J. WILLIAMS, ESQUIRE

Dated: March 24, 2003

F:\DATA\SCHORR\PLEADING\3-19-03cumberlandreply.wpd