ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH I. SCHORR, SUSAN SCHORR, in their own right and as personal representatives of the ESTATE OF RYAN K. SCHORR | : JURY TRIAL DEMANDED : : : |
| v. | : HONORABLE YVETTE KANE : |
| Plaintiffs, | : : |
| BOROUGH OF LEMOYNE, et al. | : : |
| Defendants. | : NO. 1:CV-01-0930 |

FILED
HARRISBURG
MAR 2 5 2003
MARY E. D'ANDREA, CL[ERK]
Per _____ DEPUTY CLERK

**PLAINTIFFS' BRIEF IN OPPOSITION TO THE MOTION FOR
SUMMARY JUDGMENT OF DEFENDANT CUMBERLAND COUNTY**

With the exception that it apparently acknowledges acting "under color of state law," the County's argument is virtually identical to that raised by Holy Spirit Hospital. This is to be expected, for, as plaintiffs have pointed out in their response to Holy Spirit's motion, both defendants shared responsibility and were acting in concert in the context of a deeply intertwined relationship in providing emergency psychiatric service to Ryan Schorr. It is true, as CC suggests, that County employees did not have "direct contact" with Schorr on November 18, 2002. However, the County was responsible for promulgating and overseeing standards and practices utilized at Holy Spirit to provide County services under contract. See discussion in Plaintiffs' brief in opposition to HS's motion. County personnel, including administrators were in "almost daily" interaction with Holy Spirit, conducted regular site visits and audits, and met its function by providing "crisis intervention" through HS personnel. The County's "delegate" determined whether HS could treat or examine Schorr on an involuntary basis, and HS made its determination using criteria monitored by the County and following procedures overseen and paid for by the County.

Since the County directly participated in the deficient policies of Holy Spirit, including its provision of inadequate security, the County may also be found liable to plaintiffs.

/s/ Gerald J. Williams
GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
Williams Cuker & Berezofsky
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-0099

STEPHEN S. PENNINGTON, ESQUIRE
Attorney I.D. No. 31612
Center For Disability Law & Policy
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-7112

Counsel for Plaintiffs

Dated: March 24, 2003

## CERTIFICATE OF SERVICE

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Brief in Opposition to the Motion for Summary Judgment of Defendant Cumberland County by first class mail, postage prepaid upon the following counsel:

John F. Yaninek, Esquire
Mette, Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
Counsel for Defendants Borough of Cumberland,
Cumberland County Mental Health/Mental
Retardation Center and Holy Spirit Hospital

Gregory J. Hauck, Esquire
David J. MacMain, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Counsel for Defendants West Shore Regional Police Commission

_____
GERALD J. WILLIAMS, ESQUIRE

Dated: March 24, 2003

F:\DATA\SCHORR\PLEADING\3-24-03cumberlandbrief.wpd