2 to cr

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH I. SCHORR and SUSAN     :     JURY TRIAL DEMANDED
SCHORR, in their own right and     :
as personal representatives of the     :
Estate of RYAN K. SCHORR,     :
        Plaintiffs,     :
    :
        v.     :     NO.:  1:CV-01-0930
    :
WEST SHORE REGIONAL POLICE     :
DEPARTMENT, HOWARD     :
DOUGHERTY, CUMBERLAND     :
COUNTY, and HOLY SPIRIT     :
HOSPITAL,     :
        Defendants.     :     HONORABLE YVETTE KANE

FILED
HARRISBURG

APR 0 7 2003

MARY E. D'ANDREA, CLERK
Per
DEPUTY CLERK

## DEFENDANT HOLY SPIRIT HOSPITAL'S REPLY BRIEF IN RESPONSE TO PLAINTIFFS' BRIEF IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT

Defendant Holy Spirit Hospital incorporates herein by reference the

Procedural History, Statement of the Facts, Statement of Questions Presented, and

Argument Sections of Defendant Holy Spirit Hospital's Brief in Support of its

Motion for Summary Judgment.

## I. Holy Spirit Hospital is Entitled to Summary Judgment as to Plaintiffs' Negligence Claim

Despite Plaintiffs' claim to the contrary, Holy Spirit Hospital's motion for summary judgment as to Plaintiffs' negligence claim does not merely "rehash" the argument that the hospital presented in its motion to dismiss. Rather, Holy Spirit Hospital's argument for dismissal of the negligence claim is now supported by facts of record. The facts show that Plaintiffs must prove willful misconduct or gross negligence not only for items 54(a) and 54(d) of the First Amended Complaint, but also for subparagraphs 54(b) and 54(c) because all those subparagraphs involve treatment decisions. Those allegations in subparagraphs (b) and (c), although couched in terms of "security" and "design" issues actually involves the issue of the supervision of the Decedent while he was at Holy Spirit Hospital. Dr. David Spurrier of Holy Spirit Hospital performed an assessment of the Decedent and, together with other hospital staff, including a crises intervention workers, determined to allow the decedent to remain unsupervised in room 17 of the emergency department without physical restraints. See Holy Spirit Hospital's previously filed Exhibit A, Written Statement of David J. Spurrier, M.D. Therefore, Holy Spirit's decision regarding supervision of the Decedent was a "treatment decision." Plaintiffs should not be allowed to re-name or couch their

allegations regarding treatment decisions as something else, such as security or design issues, just so they will only have to meet the ordinary negligence standards. Plaintiffs' allegations in paragraphs 53 and 54(a)-(d) involve treatment decisions. Therefore, in order to establish Plaintiffs' allegations in not only 54(a) and 54(d) but also in 53, 54(b) and 54(c), Plaintiffs must prove willful misconduct or gross negligence, and Plaintiffs' ordinary negligence claims should be dismissed with prejudice.

## II.   Plaintiff's Action under 42 U.S.C. §1983 should be dismissed because Holy Spirit Hospital is not a "state actor"

In their Brief, Plaintiffs make much of the contract between Cumberland County and Holy Spirit Hospital regarding the provision of mental health services. Plaintiffs claim that this contract and the "tight control" they claim it gave to the County rendered Holy Spirit Hospital a state actor.

Such a contract, however, does not transform Holy Spirit Hospital into a state actor for §1983 purposes. The hospital frequently enters into various contracts with the government, such as agreements regarding the administration of the Medicare and Medicaid programs, which are highly regulatory in nature. Yet these contracts and others like them do not transform Holy Spirit into a state actor.

If such were the case, every medical malpractice claim involving a Medicare or Medicaid recipient would include a §1983 claim. But of course they do not.

Based on the foregoing and for all the reasons set forth in Holy Spirit Hospital's Brief in Support of its Motion for Summary Judgment, and pursuant to this Court's prior ruling in <u>Janicsko v. Pellman</u>, 774 F. Supp. 331, 339 (M.D. Pa. 1991), Count II of the First Amended Complaint, alleging violation of 42 U.S.C. §1983 should be dismissed with prejudice as to Holy Spirit Hospital.

### III.   Plaintiffs' reliance on *Smith v. Marasco* is misplaced

Relying on the case of <u>Smith v. Marasco</u>, 318 F.3d 497 (3d Cir. 2003), Plaintiffs argue in their Brief that the standard of culpability of a state actor in a substantive due process claim is not whether it was "deliberately indifferent," but whether the conduct "shocks the conscience." However, Plaintiffs fail to point out that the Plaintiffs in <u>Smith v. Marasco</u> based their pertinent substantive due process claim on the state-created danger doctrine. In the instant case, Plaintiffs did not plead the state-created danger theory in the First Amended Complaint nor have they proved any facts to support such a theory.

At issue in <u>Smith v. Marasco</u> were the actions of state police officers as they investigated a complaint against the Decedent; requested and obtained assistance

from the Special Emergency Response Team (SERT); handled what they considered to be a "barricaded gunman" situation; responded to a missing person's report regarding Decedent; and conducted a search effort for Decedent. The <u>Smith v. Marasco</u> case does not involve the conduct of mental health care providers as does the instant case. Furthermore, as the Plaintiffs admit in their Brief, "the meaning of [the shocks the conscience] standard varies depending on the factual context." <u>See</u> Plaintiffs' Brief, page 8. The case of <u>Smith v. Marasco,</u> the facts of which do not involve mental health providers, cannot be seen as establishing the standard for evaluating the conduct of Holy Spirit Hospital in the instant case. Also, as has been pointed out previously in Holy Spirit's Brief in Support of its motion for summary judgment and in this Reply Brief, Holy Spirit Hospital is not a state actor and therefore cannot be held liable under §1983.

**IV.** **Case law provides that Plaintiffs' parents have no constitutionally protected interest in their Decedent's life**

Plaintiffs' second alleged deprivation of a constitutional right allegedly occurred because Plaintiffs were deprived of their interest in Decedent's life. <u>See</u> Complaint, paragraphs 36, 47. As Defendants West Shore Regional Police Commission and Chief Howard Dougherty aptly note in footnote 3 of their Brief in Support of their Motion for Summary Judgment, "[c]ourts have explicitly

rejected the notion that such a right is protected by the Constitution.  See, e.g., White v. Talboys, 573 F. Supp. 49, 51 (D. Colo. 1983) ("the right to the continued life of offspring is not a cognizable constitutional claim under §1983); Jackson v. Marsh, 551 F. Supp. 1091, 1094 (D. Colo. 1982) ("None of the courts which have considered the question directly have concluded that an individual has a protected liberty right to the continued life of a family member.")." Therefore, Plaintiffs' claim of §1983 liability against Holy Spirit Hospital based on the theory that they were deprived of their interest in Decedent's life should be dismissed with prejudice.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By: _____

John F. Yaninek, Esquire
Sup. Ct. I.D. No. 55741
3401 N. Front Street
P. O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000
Attorneys for Defendant Holy Spirit
DATED: April 7, 2003                    Hospital and Cumberland County

-6-

## CERTIFICATE OF SERVICE

     I, JOHN F. YANINEK, ESQUIRE, hereby certify that I am serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Gerald J. Williams, Esquire
Williams, Cuker and Berezofsky
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 800
Philadelphia, PA  19103-1895

David J. MacMain, Esquire
Mongtomery, McCracken,
Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109

Stephen S. Pennington, Esquire
Williams, Cuker and Berezofsky
One Penn Center at Suburban
1617 JFK Boulevard
 Station Suite 800
Philadelphia PA  19103

**METTE, EVANS & WOODSIDE**

By: _____
John F. Yaninek, Esquire
Sup. Ct. I.D. No.  55741
3401 North Front Street
P. O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000

Attorneys for Defendants Holy Spirit
Hospital and Cumberland County

Date: April 7, 2003

:322692 _1