ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH I. SCHORR, SUSAN SCHORR, in their own right and as personal representatives of the ESTATE OF RYAN K. SCHORR | : : : : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | **HONORABLE YVETTE KANE** |
| v. | : | |
| | : | |
| Plaintiffs, | : : | |
| | : | |
| BOROUGH OF LEMOYNE, et al. | : : | |
| | : | |
| Defendants. | : | NO. 1:CV-01-0930 |

FILED

MAY 1 2 2003

PER
HARRISBURG, PA.          DEPUTY CLERK

## PLAINTIFFS' BRIEF IN OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS WEST SHORE REGIONAL POLICE COMMISSION AND CHIEF HOWARD DOUGHERTY[1]

Moving defendants' argument against the testimony of plaintiffs' expert psychiatrist, Dr. Suzanne Vogel-Scibilia, is premised on an apparent misperception of her proffered role in the trial of this matter, and a misconstruction of the law regarding expert testimony. Plaintiffs submit that proper understanding of these issues compels denial of defendants' motion.

I.     Dr. Vogel-Scibilia's opinion regarding the Police Defendants is that the conduct of Officers Hart and Beresford before and during their encounter with Ryan Schorr caused its escalation to violence and substantially contributed to the cause of his death.

As any fair reading of Dr. Vogel-Scibilia's report (Ex. "A" of Defts.' motion) and her deposition (excerpted as Ex. "C") will confirm, the part of her opinion relevant to the present motion is that the individual police officers[2] who confronted Ryan Schorr on the day of his death

---

[1]Hereinafter, movants are collectively referenced as "moving defendants" or "police defendants."

[2]Officers Hart and Berresford are not defendants in this case.

did so in a manner which aggravated the *symptoms of his mental illness*. See, e.g., Deft. Ex. "A",

p. 2. Comprising a violation of several "cardinal rules" regarding the engagement of persons *"with acute manic symptoms*, she opined that the officers' approach caused the "escalation to aggression of the patient who was in the throes of confusion and disorganization." *Id.* at 1-2.

It is obvious that, in stating these opinions, Dr. Vogel-Scibilia is not purporting to be an expert in "criminal justice or law enforcement." Deft. brief, p.3. Rather, she is clearly offering an opinion tending to establish important "foundational" facts on which she is eminently qualified to testify. Dr. Vogel-Scibilia, a board-certified psychiatrist who has earned numerous honors including three "exemplary psychiatrist" awards from the National Alliance for the Mentally Ill (see Deft.'s Ex. "B"), has offered her professional opinion regarding the effects of the officers' conduct on the psychiatric condition of plaintiffs' decedent. The deleterious nature of that effect is a key element of plaintiffs' case. Plaintiffs have alleged, and seek to prove that the individual officers' failure to engage Ryan Schorr safely was due in material part to the culpable failures of the moving defendants, including, but not limited to their failure to fulfill their obligations under the Americans with Disabilities Act. Moving defendants' obligation to fulfill those duties from a "law enforcement" perspective is, as they suggest, the subject of another of plaintiffs' experts, former police chief D.P. Van Blaricom (whose report was attached as Exhibit "E" to plaintiffs' response to defendants' motion for summary judgment). In essence, it is Mr. Van Blaricom who will testify regarding the "standard of care" applicable to moving defendants; Dr. Vogel-Scibilia will testify regarding the effects caused by defendants' deviation from those standards.[3] Moving defendants

---

[3]Of course, she will also testify regarding the other subjects for which she has been identified as an expert, including the liability of Holy Spirit Hospital, and the characteristics of Ryan Schorr's illness, "bipolar disorder."

have conflated these separate facets of their liability.  Their attack on Dr. Vogel-Scibilia, premised on this confusion, should be rejected.

II.    Dr. Vogel-Scibilia's proffered testimony amply meets
the criteria of F.R.E. 702, and her opinions will result
<u>neither in "confusion" or prejudice."</u>

As the police defendants point out, Federal Rule of Evidence 702 requires that an expert possess knowledge that is both "specialized" and relevant to the areas on which she will testify.  *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).  That Dr. Vogel-Scibilia meets those criteria here is confirmed by reference to the very cases on which moving defendants would rely.  Thus, for example, in *Fedor v. Freightliner, Inc.*, 193 F.Supp. 2d 820 (E.D. Pa. 2002), the court made clear that the "specialized knowledge" requirement must be interpreted liberally in order to effectuate the policy of liberal admissibility of expert opinion.  *Id.* at 826.  The basis of the requirement "can be practical experience as well as academic training," and an expert may be heard on the basis of "substantive as well as formal qualifications."  *Id.*, citing *Elcock*, supra.  Nothing in the cases remotely suggests, as moving defendants appear to do, that a psychiatrist may not testify regarding  the psychological effect of a policeman's conduct on a mentally ill person, simply because the psychiatrist is not involved in law enforcement.  It is not "ridiculous"[4] for Dr. Vogel-Scibilia to delineate the "cardinal rules" for dealing with the mentally ill.  It would, however, be ridiculous to deprive the jury of the benefit of her specialized knowledge of those "rules."

That Dr. Vogel-Scibilia is qualified to offer expert opinions on the nature of bipolar disorders and its exacerbation by various forms of conduct and approaches is beyond dispute.  She is a physician who specializes in the treatment of mental illness, including bipolar disorder.  She is

---

[4]Deft's brief, p.8.

the medical director of a community mental health clinic which provides services to persons with a wide variety of mental illness, including those who, like Ryan Schorr, have "dual diagnoses," and she is regularly involved in consultation or teaching of persons who must interact with the mentally ill. See Defts' Exs. "A", "B", *passim*. Since these are precisely the subjects of her testimony, there is no meaningful dispute that she is qualified under Rule 702.

Defendants assert that, "even if Dr. Vogel-Scibilia's opinions and testimony were probative," they would generate unfair prejudice because, in essence, the jury might be "so impressed with her credentials." Deft. brief, p. 9. This logic falls of its own weight, because, if an expert's opinion is admissible, her credentials for giving the opinion are not "prejudicial" in any sense. Moreover, moving defendants are wrong in their underlying assumption that Dr. Vogel-Scibilia's testimony is not probative. Accordingly, the conclusion they draw from the false premise is also wrong.

III.   CONCLUSION

Plaintiffs offer Dr. Vogel-Scibilia's opinions on highly relevant areas central to the jury's determination, and she is amply qualified to give those opinions. For these and all the foregoing reasons, the Court should exercise its sound discretion to deny the police defendants' Motion *In Limine*.

Respectfully submitted,

GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
Williams Cuker & Berezofsky
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800

Philadelphia, PA 19103-1819
(215) 557-0099

STEPHEN S. PENNINGTON, ESQUIRE
Attorney I.D. #31612
Williams Cuker & Berezofsky
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-7112
Counsel for Plaintiffs

Dated: May 9, 2003

## CERTIFICATE OF SERVICE

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Reply to The Motion *In Limine* of Defendants West Shore Regional Police Commission and Chief Howard Dougherty, with supporting brief and proposed order addressed to Defendants by U.S. first class mail, postage prepaid upon the following counsel:

> Gregory J. Hauck, Esquire
> Montgomery, McCracken, Walker & Rhoads, LLP
> 123 South Broad Street
> Philadelphia, PA 19109
> Counsel for Defendants Borough of Lemoyne,
> West Shore Regional Police Commission and
> Howard Dougherty
>
> John F. Yaninek, Esquire
> Mette, Evans & Woodside
> 3401 North Front Street
> P.O. Box 5950
> Harrisburg, PA 17110-0950
> Counsel for Defendant Holy Spirit Hospital

GERALD J. WILLIAMS, ESQUIRE

Dated: May 9, 2003