

ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH I. SCHORR and SUSAN :    JURY TRIAL DEMANDED
SCHORR, in their own right and :
as personal representatives of the :
Estate of RYAN K. SCHORR, :
          Plaintiffs, :

       v. :    NO.: 1:CV-01-0930

WEST SHORE REGIONAL POLICE :
DEPARTMENT, HOWARD :
DOUGHERTY, CUMBERLAND :
COUNTY, and HOLY SPIRIT :
HOSPITAL, :
          Defendants. :    HONORABLE YVETTE KANE

FILED
HARRISBURG, PA

MAY 1 4 2003

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

## PRETRIAL MEMORANDUM OF DEFENDANTS
## CUMBERLAND COUNTY AND HOLY SPIRIT HOSPITAL

Date conference was held by counsel:   Witness/exhibit lists were exchanged on
May 6, 2003.

## A.    Federal Jurisdictional Statement

Plaintiffs assert claims under the United States Constitution and federal

statutes.  There is also a pendent state law claim against Holy Spirit Hospital

("HSH").

## B.    Summary Statement of Facts and Contentions as to Liability

Plaintiffs' decedent, Ryan K. Schorr ("Decedent") was diagnosed with

bipolar psychiatric disorder.  Decedent was not compliant with the prescribed

treatment for his bipolar disorder by failing to take his prescribed medication.  On

the contrary, Decedent would use illegal drugs such as LCD, marijuana, cocaine

and ecstacy.

On November 18, 2000, Decedent's roommate, Matthew Gaumer, and

Decedent's mother sought the assistance of crisis intervention workers at HSH and

sought to involuntarily commit Decedent.  A Section 302 warrant was issued and

served by West Shore Regional Police Department ("WSRPD").  Two police

officers took Decedent to the emergency room of HSH where he was examined by

crisis physician David Spurrier, M.D.  Following the examination, Decedent was

placed in a seclusion room which locked from the outside.  Crisis intervention

worker, Candice Highfield, entered the room to read Decedent his legal rights pursuant to Section 302 when Decedent pushed Ms. Highfield backward and ran from HSH.

Following Decedent's elopement from HSH, he spent time at a local convenient store drinking soft drinks and reading pornography. Decedent called the Harrisburg Hilton Hotel to send a vehicle to pick him up, and the Harrisburg Hilton Hotel complied. After a brief time at the hotel, Decedent left and walked down Front Street in Harrisburg until he came upon 907 North Front Street where he found individuals on the porch watching the Thanksgiving Day parade. The home at 907 North Front Street is owned by the Blair Family who gave Decedent a windbreaker jacket. Following that encounter, Decedent returned to his home where the WSRPD attempted to take him back into custody. However, a struggle ensued between Decedent and the two police officers. Decedent was shot and killed by the police officers.

Plaintiffs contend that Cumberland County (the "County") and HSH violated Decedent's civil rights. Plaintiffs also claim that HSH was negligent and grossly negligent in its care of Decedent.

Plaintiffs make constitutional claims against WSRPD and Chief Howard Dougherty regarding their handling of the incident and their training, policies and procedures.

**C.**    **Comprehensive Statement of Undisputed Facts as Agreed to by Counsel**

No statement has been agreed to by counsel.

**D.**    **Description of Damages**

See, Plaintiffs' Pretrial Memorandum.

**E.**    **Names and Addresses of Witness and Experts**

**Defendants' Liability Expert:**

Frederick G. Roll, MD, CHPA-F, CPP
Roll Enterprises, Inc.
20648 Black Fox Lane
Morrison, CO 80465

Abram M. Hostetter, M.D.
Hershey Psychiatric Associates
928 East Chocolate Avenue
Hershey, PA 17033-1215

Robert P. Wolf
1939 Rt. 70 East, Ste. 120
Cherry Hill, NJ 08003

Saralee Funke, M.D.
Forensic Pathology Associates, Inc.
1200 S. Cedar Crest Blvd.
2nd Flr. GSB
Allentown, PA 18103

Theodore John Siek, Ph.D.
Analytic Bio-Chemistries
1680 D. Loretta Avenue
Feasterville, PA 19053

**Parties:**

Keith I. Schorr
c/o Stephen Pennington, Esquire

Susan Schorr
c/o Stephen Pennington, Esquire

**Witnesses:**

Charles Sterling, Security Manager
Holy Spirit Hospital

Mercedes Briscese, Crisis Intervention Worker
Holy Spirit Hospital

Steve Bucciferro, Administrative Director of Mental Health Services
Holy Spirit Hospital

Candice Highfield, Crisis Worker
Holy Spirit Hospital

Cory Graby, (former Security Officer)
127 N. Lancaster Street
Annville, PA 17003

Carol Joerger, R.N.
Holy Spirit Hospital

Rodney Buckles, Emergency Dept. Technician
Holy Spirit Hospital

Pat Smith, R.N.
Holy Spirit Hospital

Gary W. Berresford
c/o Mark Emery, Esquire

Harry S. Hart
c/o Mark Emery, Esquire

Matthew Gaumer
1615 North Second Street
Apt. 3
Harrisburg, PA

Heidi L. Bowen
RD #1, Box 158A
Tionesta, PA 16353
(parents address - 3600 Quarry Drive
Harrisburg, P 17013 - 651-1548)

Peggy Jones, Manager (current manager)
UniMart
38 Erford Road
Camp Hill, PA

Kristine Dennis, Reservations Supervisor
Harrisburg Hilton
1 North Second Street
Harrisburg, PA

Jason Brown, Security Officer
Harrisburg Hilton
181 Bowie Drive
Grantville, PA

Nathan Graham, (former) Front Desk Clerk
150 Plainview Drive
Harrisburg, PA 17112

Richard & Christine Bair
907 North Front Street
Harrisburg, PA

Detective Simon Jackson
Cumberland County Criminal Investigation Division
One Courthouse Square
Carlisle, PA 17013

Jeffrey Franks, Deputy Commander
Cumberland County Criminal Investigation Division
One Courthouse Square
Carlisle, PA 17013

Defendants Holy Spirit Hospital and Cumberland County reserve the right
to call any and all witnesses identified by Plaintiffs and Defendant West
Shore Regional Police

**F.**     **Summary of Testimony of Each Expert Witness**

**Frederick G. Roll, MD, CHPA-F, CPP**

Mr. Roll is a healthcare security specialist who will opine that HSH
operated within the security standard of care for the general emergency
department at the time Decedent eloped.

**Abraham M. Hostetter, M.D.**

Dr. Hostetter is a board certified psychiatrist who will provide testimony
that in his expert opinion there is no evidence of gross negligence or failure to
meet the standard on care of the part of HSH in the treatment of Decedent.  He
will opinion that the elopement of Decedent from HSH was unpredictable.  He
will testify that Decedent's behavior occurred through the intoxicating level of
amphetamines (Ecstacy) in Decedent's system.

**Robert P. Wolf**

Mr. Wolf is a certified rehabilitation economist.  Mr. Wolf will opine that
based on historical earnings of Decedent, he sustained no quantifiable economic
losses.

8

**Saralee Funke, M.D.**

Dr. Funke is a forensic pathologist who will provide testimony regarding her autopsy report on Decedent.

**Theodore John Siek, Ph. D.**

Dr. Siek is a toxicologist who performed a toxicology survey on Decedent's blood and urine. He will opine that the blood concentration of MDMA found in Decedent's blood was in a range which is acutely toxic and capable of significant mental disturbances in human subjects.

**G.     Special Comment on Pleadings and Discovery**

None.

**H.     Summary of Legal Issues Involved and Legal Authorities Relied upon**

**1.     *Respondeat Superior*.**

In the case of <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978), the United States Supreme Court held that a municipality or other local government unit cannot be held liable under §1983 pursuant to the theory of *respondeat superior*.

2.      **Liability Under §1983**.

In order to establish liability under §1983 against a local government

unit, plaintiff must demonstrate: (1) the deprivation of a constitutional right; (2)

the action was taken pursuant to customer policy of the local government unit; and

(3) that such action was the cause of the deprivation.  Id., 496 U.S. at 691.

3.      **Private Hospitals are not State Actors when Involved with Involuntary Commitments.**

This Court has held in <u>Janicsko v. Pellman</u>, 774 F. Supp. 331 (M.D.

Pa. 1991) that the involuntary commitment of the mentally ill by private

physicians and hospitals under the Pennsylvania Mental Health Procedures Act

("MHPA") is not "a function compelled by or sufficiently connected to state

directives to attribute those actions to the state."

4.      **Immunity from Liability Set Forth in the MHPA.**

The legislature has established a degree of immunity from civil and

criminal liability for those engaged in the treatment of mentally ill.  <u>See</u>, generally

50 P.S. §7114.  This section of the MHPA provides immunity from civil and

criminal liability for those engaged in treatment of the mentally ill under the

MHPA, absent a finding of "wilful misconduct" or "gross negligence" on their part.

**5.      Comparative Negligence.**

Was the Decedent contributorily negligent in failing to take his prescribed medication and/or substitute the use of illegal controlled substances which ultimately caused the situation that lead to his death?

**6.      Assumption of Risk.**

The Defendant claims that the Decedent assumed the risk of his injury. The elements of assumption of the risk are that the Decedent fully understood the specific danger that caused his injury, appreciated its nature and extent, and voluntarily chose to encounter it under circumstances indicating a willingness to accept the specific danger. Pa. Standard Jury Instruction 304.

**7.      Causation.**

      a.      Defendant HSH's alleged gross negligence.

      b.      Plaintiffs' comparative/contributory negligence.

11

**I.**    **Stipulations Desired**

Counsel has exchanged exhibits and it is believed that counsel can stipulate
to the authenticity and admissibility of Decedent's medical records, autopsy
report, toxicology report and the investigative chronology of events prepared by
Cumberland County's criminal investigation unit.

**J.**    **Estimated Number of Trial Days**

Six.

**K.**    **Other Matter Pertinent to the Case to Be Tried**

Defendants' Motions for Summary Judgment are outstanding before the
Court.

**L.**    **Exhibit Form**

See, Appendix A.

**M.**    **Special Verdict Questions**

See, Appendix B.

**N.**    **Defense Counsel's Statement Regarding Local Rule 16.2**

See, Appendix C.

**O.**     **Certificate of Compliance with Local Rule 30.10**

See, Appendix C.

**P.**     **Requests for Findings of Fact and Law for Non-jury Trials**

Not applicable.

                                    Respectfully submitted,

                                    **METTE, EVANS & WOODSIDE**

                        By:    _____
                                    John F. Yaninek, Esquire
                                    Sup. Ct. I.D. No. 55741
                                    3401 N. Front Street
                                    P. O. Box 5950
                                    Harrisburg, PA 17110-0950
                                    (717) 232-5000
                                    Attorneys for Defendants Holy Spirit
DATED: May 14, 2003                 Hospital and Cumberland County

# APPENDIX A

## CLERK'S EXHIBIT LISTING

**JUDGE:** Judge Yvette Kane
Abbreviated Name of Case: <u>Schorr v. Holy Spirit Hospital, Cumberland County, et al.</u>
Case No.   <u>1:CV-01-930</u>

**Name of party submitting this list:** <u>Defendants Holy Spirit Hospital and Cumberland County</u>

(Judge's trial notes: Vertical lines equal ditto marks throughout; W equals witness)

| Exhibit Initial and No. | Description of Object or Item | Identified in Court | Date Admitted |
|---|---|---|---|
| D1 | Grand Jury Investigative Report | | |
| D2 | Time line of events as prepared by Cumberland County Criminal Investigation Division | | |
| D3 | Investigative Report from Cumberland County Criminal Investigation Division with attached statements | | |
| D4 | Supplemental Incident Report prepared by Detective Jeffrey Franks | | |
| D5 | Supplemental Incident Report prepared by Detective John J. Sancenito | | |
| D6 | Documents and reports prepared by the Cumberland County Criminal Investigation Division relating to the investigation of the death of Ryan Schorr | | |
| D7 | Information and materials collected by the Cumberland County Criminal Investigation Division relating to the investigation of the death of Ryan Schorr | | |
| D8 | Autopsy Report | | |

| Exhibit Initial and No. | Description of Object or Item | Identified in Court | Date Admitted |
|---|---|---|---|
| D9 | Toxicology Report | | |
| D10 | Holy Spirit Hospital Medical Records 5/11/95-6/1/95 - 302 Admission | | |
| D11 | Holy Spirit Hospital Community Mental Health Center Records 6/16/95-11/18/00 | | |
| D12 | Holy Spirit Drug and Alcohol Outpatient Services Records 10/31/95-1/6/96 | | |
| D13 | Holy Spirit Hospital Medical Records - 6/16/99 Emergency Room Treatment | | |
| D14 | Holy Spirit Hospital Medical Records - 6/17/99 Emergency Room Treatment | | |
| D15 | Holy Spirit Hospital Medical Records 9/17/99 Emergency Room Treatment | | |
| D16 | Holy Spirit Hospital Medical Records - 9/30/99-10/1/99 - Voluntary Admission/Discharged AMA | | |
| D17 | Holy Spirit Hospital Drug & Alcohol Outpatient Services Records 7/6/99 - 6/21/00 | | |
| D18 | Holy Spirit Hospital Medical Records 11/18/00 | | |
| D19 | Hershey Medical Center 5/24/99 Emergency Room Treatment | | |
| D20 | Edgewater Psychiatric Center Medical Records 5/24/99-6/14/99 302 Admission | | |

| Exhibit Initial and No. | Description of Object or Item | Identified in Court | Date Admitted |
|---|---|---|---|
| D21 | Edgewater Psychiatric Center Medical Records 6/17/99-7/1/99 302 Admission | | |
| D22 | Shippensburg University school records | | |
| D23 | Susquehanna Township school records | | |
| D24 | Tax Returns and W-2's of Ryan Schorr | | |
| D25 | Prescriptions found at Ryan Schorr's home on 11/18/00 | | |
| D26 | Videotape - security videotape of Schorr at Holy Spirit Hospital dated 11/18/00 | | |
| D27 | Videotape - West Shore Regional Police Shooting Scene | | |
| D28 | Videotape - Unimart security tape 11/18/00 | | |
| D29 | Audio cassette - Police/911 Radio & Telephone Recording | | |
| D30 | Audio cassette - Spliced tape - 911 call/Police Radio Transmissions | | |
| D31 | Audio cassette - Re-recording from Answering Machine of Ryan Schorr Residence - 445 Meadow Drive | | |
| D32 | Audio cassette - Richard and Christine Bair | | |
| D33 | Transcript of taped statement of Matthew Gaumer dated 11/28/00 | | |
| D34 | Deposition of Matthew Gaumer | | |
| D35 | Handwritten note from Heidi Bowen to Ryan Schorr | | |

| Exhibit Initial and No. | Description of Object or Item | Identified in Court | Date Admitted |
|---|---|---|---|
| D36 | Holy Spirit Hospital Position Description - Safety Officer | | |
| D37 | Holy Spirit Hospital Position Description - Crisis Worker | | |
| D38 | Holy Spirit Hospital Position Description - Registered Nurse | | |
| D39 | Holy Spirit Hospital Policy - Management of Psychiatric Patient ER | | |
| D40 | Holy Spirit Hospital Policy - Management of Acutely Disturbed Patient | | |
| D41 | Holy Spirit Hospital Policy - Crisis Intervention Policy & Procedure | | |
| D42 | Holy Spirit Hospital Policy - Appendix A Crisis Intervention Service | | |
| D43 | Holy Spirit Hospital Crisis Intervention Daily Log dated 11/18/00 | | |
| D44 | Holy Spirit Hospital Safety Manual Red Alert Policy | | |
| D45 | Holy Spirit Hospital Chart of Total Number of 302 Commitments 1998-2000 | | |
| D46 | Procedures for 302 Commitment | | |
| D47 | Survey - 302 Questions by Holy Spirit Hospital | | |
| D48 | Incident Report - Red Alert dated 6/17/99 re: Ryan Schorr | | |
| D49 | Holy Spirit Hospital 302 Mental Health Elopements -1998-2000 | | |
| D50 | Holy Spirit Hospital Red Alert Training Materials | | |
| D50 | JCAHO Reports regarding Holy Spirit Hospital | | |

| Exhibit Initial and No. | Description of Object or Item | Identified in Court | Date Admitted |
|---|---|---|---|
| D52 | Cumberland/Perry Counties Mental Health/Mental Retardation Program Master Contract/Letter of Agreement with Holy Spirit Hospital 6/1/00 - 6/1/01 | | |
| D53 | Cumberland/Perry Counties Mental Health/Mental Retardation Program Contract with Holy Spirit Hospital (1999) | | |
| D54 | Statement of Carol Joerger, R.N. | | |
| D55 | MIIX Event Report Form dated 11/18/00 | | |
| D56 | Handwritten Statement of Rodney L. Buckle | | |
| D57 | Handwritten Statement of Cory Graby | | |
| D58 | Incident Report - Security Standby dated 11/18/00 | | |
| D59 | Incident Report - Red Alert dated 11/18/00 | | |
| D60 | Handwritten Statement of David J. Spurrier, M.D. | | |
| D61 | Handwritten Statement of Candice Highfield | | |
| D62 | Deposition of Carol Joerger, R.N. | | |
| D63 | Deposition of Candice Highfield | | |
| D64 | Deposition of Cory Graby | | |
| D65 | Deposition of Steve Buccifero | | |
| D66 | Deposition of Mercedes Brsicise | | |
| D67 | Deposition of Charles Sterling | | |

| Exhibit Initial and No. | Description of Object or Item | Identified in Court | Date Admitted |
|---|---|---|---|
| D68 | Holy Spirit Hospital Security Policy - Restraints/Protective Devices | | |
| D69 | Holy Spirit Hospital ECU Seclusion Room Policy | | |
| D70 | Deposition of Sylvia Herman, Cumberland County Designee | | |
| D71 | Deposition of Thomas Hayes | | |
| D72 | Deposition of Gary Berresford w/exhibits | | |
| D73 | Deposition of Harry S. Hart, Jr. | | |
| D74 | Deposition of Howard Dougherty | | |
| D75 | Deposition of Susan Schorr w/exhibits | | |
| D76 | Deposition of Keith Schorr w/exhibits | | |
| D77 | Deposition of Ira Somerson (plaintiff's expert) | | |
| D78 | Deposition of Suzanne Vogel-Scibilia, M.D. (plaintiff's expert) | | |
| D79 | Expert Report of Abram M. Hostetter, M.D. dated 11/20/02 | | |
| D80 | CV of Abram M. Hostetter, M.D. | | |
| D81 | Expert Report of Frederick G. Roll dated 11/20/02 | | |
| D82 | CV of Frederick G. Roll | | |
| D83 | Expert Report from Robert P. Wolf, Ed.D., M.B.A. dated 11/7/02 | | |
| D84 | CV of Robert P. Wolf, Ed.D., M.B.A. | | |
| D85 | CV of Theodore John Siek, Ph.D. | | |

| Exhibit Initial and No. | Description of Object or Item | Identified in Court | Date Admitted |
|---|---|---|---|
| D86 | CV of Saralee Funke, M.D. | | |
| D87 | Investigative Photographs of Cumberland County CID of Holy Spirit Hospital | | |
| D88 | Investigative Photographs of Cumberland County CID of drug paraphernalia seized at Schorr residence | | |
| D89 | Investigative Photographs of Cumberland County CID of Schorr time line locations | | |
| D90 | Investigative Photographs of Cumberland County CID of 445 Meadow Drive, crime scene | | |

323993

# APPENDIX B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEITH I. SCHORR and SUSAN SCHORR, in their own right and as personal representatives of the Estate of RYAN K. SCHORR, Plaintiffs, | : : : : : : | JURY TRIAL DEMANDED |
| v. | : : | NO.:  1:CV-01-0930 |
| WEST SHORE REGIONAL POLICE DEPARTMENT, HOWARD DOUGHERTY, CUMBERLAND COUNTY, and HOLY SPIRIT HOSPITAL, Defendants. | : : : : : : | HONORABLE YVETTE KANE |

## SPECIAL VERDICT QUESTIONS

### Plaintiff v. Cumberland County (Constitutional Claim)

1.   Were the actions of the County deliberately indifferent to Decedent to deprive him of a constitutional right?

Yes _____          No _____

(If your answer is "no," then proceed to Question 4.  If you answer "yes" to Question 1, then proceed to Question 2.)

2.      Were actions taken by the County done pursuant to a custom or policy of the County which resulted in the deprivation of Decedent's constitutional rights?

Yes _____              No _____

(If your answer is "no," then proceed to Question 4.  If you answer "yes" to Question 2, then proceed to Question 3.)


3.      Were said actions of the County the cause of the deprivation of Decedent's constitutional rights?

Yes _____              No _____

(If your answer is "no," then proceed to Question 4.  If you answer "yes" to Question 3, then proceed to Question 15.)


**Plaintiff v. Holy Spirit Hospital (Constitutional Claim)**

4.      Was HSH a state actor in providing care for the Decedent?

Yes _____              No _____

(If your answer is "no," then proceed to Question 8.  If you answer "yes" to Question 4, then proceed to Question 5.)

5.      Were the actions of HSH deliberately indifferent to Decedent to deprive him of a constitutional right?

Yes _____          No _____

(If your answer is "no," then proceed to Question 8.  If you answer "yes" to Question 5, then proceed to Question 6.)

6.      Were the actions taken by HSH done pursuant to a custom or policy of HSH which resulted in the deprivation of Decedent's constitutional rights?

Yes _____          No _____

(If your answer is "no," then proceed to Question 8.  If you answer "yes" to Question 6, then proceed to Question 7.)

7.      Were said actions of HSH the cause of the deprivation of Decedent's constitutional rights?

Yes _____          No _____

(If your answer is "no," then proceed to Question 8.  If you answer "yes" to Question 7, then proceed to Question 8.)

**<u>Plaintiff v. Holy Spirit Hospital</u> (State Law Claim)**

    8.     Did HSH owe Decedent a duty of care?

           Yes _____          No _____

(If your answer is "no," then please sign the form and return to the courtroom.  If you answer "yes" to Question 8, then proceed to Question 9.)

    9.     Were the actions of HSH grossly negligent in relation to any duty of care for the Decedent?

           Yes _____          No _____

(If your answer is "no," then please sign the form and return to the courtroom.  If you answer "yes" to Question 9, then proceed to Question 10.)

    10.     Were the actions of HSH a substantial factor in causing Decedent's death?

           Yes _____          No _____

(If your answer is "no," then please sign the form and return to the courtroom.  If you answer "yes" to Question 10, then proceed to Question 11.)

11.     Did Decedent assume the risk of his harm by failing to take his prescribed medication and/or take illegal controlled substances?

Yes _____          No _____

(If your answer is "no," then please sign the form and return to the courtroom.  If you answer "yes" to Question 11, then proceed to Question 12.)

12.     Was the Decedent comparatively/contributorily negligent in failing to take his prescribed medication and/or taking illegal controlled substances?

Yes _____          No _____

(If your answer is "no," then please sign the form and return to the courtroom.  If you answer "yes" to Question 12, then proceed to Question 13.)

13.     If you (the jury) find the Decedent was comparatively/contributorily negligent, was Decedent's negligence a substantial factor in causing Decedent harm?

Yes _____          No _____

(If your answer is "no," then please sign the form and return to the courtroom.  If you answer "yes" to Question 13, then proceed to Question 14.)

14.    Taking the combined negligence that was a substantial factor in bringing about Plaintiff's harm as 100%, what percentage of that negligence was attributable to Defendants, and what percentage was attributable to the Plaintiff?

> Defendants          _____%
>
> Plaintiff           _____%
>
> Total          100%

(If Plaintiff's causal negligence is greater than 50%, then please sign the form and return to the courtroom.  Otherwise, please go to Question 15, without taking your answer to Question 14 into account in any way).

15.    State the amount of damages, if any, sustained by the Plaintiffs as a result of the occurrence, without regard to and without reduction by the percentage of causal negligence, if any, that you have attributed to the Plaintiff.

> Plaintiff     $_____

_____
JURY FOREPERSON

:325945 _1

# APPENDIX C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH I. SCHORR and SUSAN SCHORR, in their own right and as personal representatives of the Estate of RYAN K. SCHORR, Plaintiffs, | : : : : : | JURY TRIAL DEMANDED |
| | : | |
| v. | : : | NO.:  1:CV-01-0930 |
| WEST SHORE REGIONAL POLICE DEPARTMENT, HOWARD DOUGHERTY, CUMBERLAND COUNTY, and HOLY SPIRIT HOSPITAL, | : : : : : | |
| Defendants. | : | HONORABLE YVETTE KANE |

## CERTIFICATIONS

The undersigned certifies that the persons with settlement authority on behalf of

Holy Spirit Hospital and Cumberland County have been advised of the requirements of

Local Rule 16.2.

The undersigned also certifies that counsel for all parties have met as required by

Local Rule 30.10.  Trial depositions have not been taken.  Therefore, counsel have not

yet reviewed said depositions or videotapes in an effort to eliminate and resolve

objections.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By: _John F. Yaninek_ _____
John F. Yaninek, Esquire
Sup. Ct. I.D. No. 55741
3401 North Front Street
P. O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000

Attorneys for Defendants Holy Spirit
Hospital and Cumberland County

Date: May 14, 2003

## CERTIFICATE OF SERVICE

I, JOHN F. YANINEK, ESQUIRE, hereby certify that I am serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Gerald J. Williams, Esquire
Williams, Cuker and Berezofsky
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1895

David J. MacMain, Esquire
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

Stephen S. Pennington, Esquire
Williams, Cuker and Berezofsky
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 800
Philadelphia PA  19103

Gregory Hauck, Esquire
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

**METTE, EVANS & WOODSIDE**

By: _____
John F. Yaninek, Esquire
Sup. Ct. I.D. No.  55741
3401 North Front Street
P. O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000

Date: May 14, 2003

Attorneys for Defendants Holy Spirit
Hospital and Cumberland County