2 to 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH I. SCHORR, SUSAN SCHORR,   :    **JURY TRIAL DEMANDED**
in their own right and as personal   :
representatives of the ESTATE OF   :
RYAN K. SCHORR   :
   :    **HONORABLE YVETTE KANE**
    v.   :
   :
     Plaintiffs,   :
   :
BOROUGH OF LEMOYNE, et al.   :
   :
     Defendants.   :    NO.  1:CV-01-0930

FILED
HARRISBURG, PA
MAY 2 2 2003
MARY E. D'ANDREA, CLERK
Per _____

## PLAINTIFFS' PRE-TRIAL MEMORANDUM

### DATE CONFERENCE WAS HELD BY COUNSEL:

The parties exchanged witness and exhibit lists on May 6, 2003, and have scheduled a conference of counsel for May 21, 2003.

A.   **STATEMENT OF JURISDICTION**

Plaintiffs have asserted actions under 42 U.S.C. §1983 and the Americans with Disabilities Act, over which this Court has original jurisdiction.  The Court has pendent jurisdiction over plaintiffs' negligence claim against defendant Holy Spirit Hospital.

B.   **SUMMARY STATEMENT OF FACTS AND LIABILITY CONTENTIONS**

Plaintiffs' decedent Ryan Schorr was shot several times and killed in an

encounter with two part-time policemen employed by the West Shore Regional Police Commission. This fatal encounter occurred in the second floor bedroom of Ryan Schorr's home, where the police officers were attempting to take him into custody and return him to Holy Spirit Hospital pursuant to a warant issued under §302 of the Pennsylvania Mental Health Procedures Act. The §302 warrant had been issued following a petition signed by Schorr's roommate seeking his commitment to involuntary psychiatric treatment for his long-standing mental illness, a "bipolar disorder."

Earlier on the same day, the same officers had brought Ryan to Holy Spirit without incident. After he was placed in a locked "seclusion room" in the Emergency Department, he became agitated and delusional. Despite observing this condition, the only security guard on duty within the hospital left the Department for an unknown reason. Shortly afterwards, an unaccompanied crisis intervention worker opened the door of the "seclusion room" in order to "read his rights" to Schorr. Ryan brushed past her, and "eloped" from the hospital, eventually returning to his home.

Plaintiffs' assert that Holy Spirit was grossly negligent in its treatment and custody of Ryan Schorr, aggravating his condition and facilitating his elopement through a series of deviations from the applicable standard of care and a failure to take even ordinary precautions. Plaintiffs assert that the approach and conduct of the

police officers further aggravated Ryan Schorr's condition, and caused an escalation into violence, which resulted in his death. They contend *inter alia* that the officers' errors resulted from defendant West Shore Regional Police Commission's "deliberately indifferent" failure to train them, and its violation of the ADA.

Plaintiffs also contend that both Cumberland County, and Holy Spirit acted in concert under color of state law to deprive plaintiffs of their rights under the Fourteenth Amendment.

## C.   UNDISPUTED FACTS

Plaintiffs agree with the undisputed facts listed in Exhibit A of defendant West Shore Regional Police Commission's pre-trial memorandum, but plaintiffs object to the phrasing of Fact no. 65 contained in the statement, inasmuch as it is "loaded" and/or argumentative. Furthermore, although plaintiffs do not dispute the truth of the following facts, they submit that they are not relevant:

> 56    (Role of District Attorney)
>
> 57    (Convening of Grand Jury)
>
> 65    (Lack of Previous Injury)
>
> 66    (Lack of Previous Shooting)
>
> 73    (Officer's Self-Evaluation)
>
> 76    (Lack of Previous Complaints)

78      (Officer's Evaluation of Training)

91      (Lack of Previous Complaints)

93      (Officer's Opinion of Subsequent Training)

D.      BRIEF DESCRIPTION OF DAMAGES

(1)     Principal Injuries:   Ryan Schorr died as a result of the events giving rise to the complaint.

(2)     Hospitalization:   N/A.

(3)     Present Disability: N/A

(4)     Special Damages:   Plaintiffs have presented an expert report which estimates the economic damages arising from Ryan Schorr's death to range from $238,000.00 and $613,000.00.  In addition, plaintiffs claim funeral and burial expenses in the approximate amount of $9,700.00.

(5)     Estimated Value of
        Other Damages:   Ryan Schorr's pain and suffering before his death, and his plaintiff parents loss of their relationship with him (recoverable in their civil rights claims) are not capable of liquidation.  However, plaintiffs' counsel estimates their value to be in excess of $1,000,000.00.  In addition, if plaintiffs succeed on their §1983 or ADA claims, they will be entitled to an award of attorney fees and litigation costs.

E.      WITNESSES

Plaintiffs reserve the right to call any witness identified by any other party.  In addition, plaintiffs may or will call the following:

4

I.      PARTIES

      1.      Keith Schorr
            201 Somerset Drive
            Shiremanstown, PA  17011

      2.      Susan Schorr
            1419 Miller Road
            Dauphin, PA 17018

      3.      Chief Howard Dougherty
            West Shore Regional Police Commission

II.     EXPERTS

      4.      Andrew Verzilli, Ph.D.
            4096 Durham Road
            Ottsville, PA  18942

            Dr. Verzilli is an economist.

      5.      Ira Somerson
            Suite One
            650 Sentry Parkway
            Blue Bell, PA  19462

            Mr. Somerson, an expert in security, is a certified protection professional (Am. Society for Industrial Security) and a certified municipal police instructor.

      6.      D.P. Van Blaricom
            835 91st Lane, N.E.
            Bellevue, Washington  98001-4811

            Mr. Van Blaricom is a widely published police practice expert, with a master's degree in public administration, and twenty-nine years of continuous police service, including eleven years as Chief of Police for the City of Bellevue, Washington.

7.      Suzanne Vogel-Scibilia, M.D.
        219 Third Street
        Beaver, Pennsylvania   15009

        Dr. Vogel-Scibilia is a psychiatrist.

## III.   WITNESSES ASSOCIATED WITH HOLY SPIRIT HOSPITAL

8.      Charles Sterling

9.      Cory Graby

10.     Candace Highfield

11.     Carol Joerger

12.     Steve Buccifero

13.     Mercedes Briscese

14.     David Spurrier, M.D.

## IV.   WITNESSES ASSOCIATED WITH CUMBERLAND COUNTY

15.     Robert Goril

16.     Silvia Herman

17.     Michael Schwoyer, Chief Deputy District Attorney
        Office of the District Attorney
        Cumberland County
        One Courthouse Square
        Carlisle, Pennsylvania 18013

## V.    WITNESSES ASSOCIATED WITH WEST
        SHORE REGIONAL POLICE COMMISSION

18.     Harry Hart

19.   Gary Berresford

## VI.   OTHER WITNESSES

20.   Matthew Gaumer
1615 N. 20th Street, Apt. 3
Harrisburg, PA

21.   Thomas Hayes
East Pennsboro Police Department

22.   Dennis McMasters
East Pennsboro Police Department

23.   John Sancenito
Cumberland County District Attorney's Office

## F.   EXPERT TESTIMONY

### Andrew Verzilli, Ph.D.

Dr. Verzilli will testify regarding the economic damages resulting from Ryan

Schorr's death.

### Ira Somerson

Mr. Somerson will testify that Holy Spirit Hospital was grossly negligent in the

provision of security within the Emergency Department on the day of Ryan Schorr's

death.

### D.P. Van Blaricom

Mr. Van Blaricom will testify that the West Shore Regional Police Commission

failed to implement well known and readily available procedures, policies and training

for encounters with the mentally ill, a frequently experienced risk of law enforcement service. He will also testify regarding police agencies' obligations under the ADA, and West Shore's failure to fulfill them.

### Suzanne Vogel-Scibilia, M.D.

Dr. Scibilia will testify regarding the features of bipolar illness in general, and as manifested in Ryan Schorr from the evidence. She will testify that Holy Spirit Hospital was grossly negligent in its treatment of Ryan Schorr on the day of his death, aggravating his condition and facilitating his flight. She will further testify that the conduct and approach of the West Shore Regional Police Officers produced a foreseeable and natural reaction in Ryan Schorr, associated with an unnecessry escalation of their encounter with him to violence.

6.    SPECIAL COMMENTS

Defendant West Shore Regional Police Commission has filed a motion *in limine* regarding the testimony of Dr. Vogel-Scibilia as directed to it. Plaintiffs have responded, and a hearing has been scheduled for 5/30/03. Counsel have agreed to request to the Court that any such hearing be conducted *in camera* during trial.

Plaintiffs also seek the entry of a judgment against defendant West Shore Regional Police Commission in their action under Title II of the Americans with Disabilities Act, based upon its admitted failure to take any measures to insure that its

8

programs and services were "accessible" to persons with disabilities.  On this count,

plaintiffs will seek injunctive relief and an award of counsel fees.

H.    SUMMARY OF LEGAL ISSUES

Relevant legal issues in dispute are the subject of defendants' motions for

summary judgment, to which plaintiffs have responded, and which are pending before

the Court.  In addition, defendants Holy Spirit Hospital's proposed special verdict

questions treat "assumption of the risk" (by decedent's failure to take medication) as

an applicable defense.  Plaintiffs object to any use of this defense under the

circumstances of this case.

I.    STIPULATIONS DESIRED

Authenticity of exhibits.  Plaintiffs anticipate agreement on the subject.

J.    ESTIMATED NUMBER OF TRIAL DAYS

Six.

K.    OTHER MATTERS

N/A.

L.    EXHIBITS

List attached.

M.    SPECIAL VERDICT QUESTIONS

See attached.

N.    SETTLEMENT AUTHORITY (DEFENSE)

Not applicable to Plaintiffs.

O.    DEPOSITIONS, VIDEOTAPES

A videotaped trial deposition of defendants' economics expert was taken on

May 21, 2003.  Counsel have not yet been able to confer regarding this evidence, but

do not anticipate disagreements regarding it.  However, two objections will require the

Court's disposition.

Respectfully submitted,

GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
Williams Cuker & Berezofsky
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-0099

STEPHEN S. PENNINGTON, ESQUIRE
Attorney I.D. No. 31612
Center For Disability Law & Policy
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-7112

Counsel for Plaintiffs

# LIST OF EXHIBITS

**CASE CAPTION:** Schorr v. West Shore Regional Police

**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:CV-01-0930**

**JUDGE: Hon. Yvette Kane**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|-----|-----|-------------------------------|------------|----------|--------|-------------------|
| P-1 | | Timeline/Cumberland Co. CID Detective | | | | |
| | | Jackson Fri. 11/17/00 | | | | |
| P-2 | | Video 11/18/00 R. Schorr@HS Hospital 11/18/00 | | | | |
| P-3 | | Audio Cassette Spliced 911 Call (Date Spliced) | | | | |
| | | 12/18/00 | | | | |
| P-4 | | Typed Statement of Joerger 11/18/00 | | | | |
| P-5 | | Handwritten Statement of D. Spurrier, M.D. | | | | |
| P-6 | | MIIX Incident Report/Joerger, Highfield | | | | |
| P-7 | | Expert Report Van Blaricom | | | | |
| P-8 | | Expert Report Ira Somerson | | | | |
| P-9 | | CV of Ira Somerson | | | | |
| P-10 | | Expert Report of Andy Verzilli | | | | |
| P-11 | | CV of Andy Verzilli | | | | |
| P-12 | | CV of Van Blaricom | | | | |

# LIST OF EXHIBITS

**CASE CAPTION: Schorr v. West Shore Regional Police**

**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:CV-01-0930**

**JUDGE: Hon. Yvette Kane**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-13 | | MR Program Contract with MHMR 5/12/00 | | | | |
| P-14 | | HSH Safety Manual Red Alert | | | | |
| P-15 | | HSH Community Mental Health Center | | | | |
| | | Rev. 8198 Crisis Intervention Services | | | | |
| | | Mgmt. Acutely Dist. Patient in ECU | | | | |
| P-16 | | John R. Dietz Emergency Center-Mgmt. of the | | | | |
| | | Psychiatric Patient | | | | |
| P-17 | | John R. Dietz Emergency Center - Mgmt of the | | | | |
| P-18 | | Videotape West Schorr Police Shooting Scene | | | | |
| P-19 | | Videotape - Police 911 Recording | | | | |
| P-20 | | Audio Cassette Schoor Answering Machine | | | | |
| P-21 | | Handwritten Statement Rodney L. Buckle | | | | |
| P-22 | | Handwritten Statement of Corey Graby | | | | |
| P-23 | | Incident report security standby dated 11/18/00 | | | | |
| P-24 | | Incident report - red alert dated 11/18/00 | | | | |

# LIST OF EXHIBITS

**CASE CAPTION: Schorr v. West Shore Regional Police**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:CV-01-0930**
**JUDGE: Hon. Yvette Kane**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-25 | | Handwritten statement of Carol Joeger, R.N. | | | | |
| P-26 | | Handwritten statement of Candace Highfield | | | | |
| P-27 | | Expert Report, Vogel-Schibilia, M.D. | | | | |
| P-28 | | CV Vogel Scibilia, M.D. | | | | |
| P-29 | | WSRP General Order 95-2, impact & secondary | | | | |
| | | weapons policy dated 1/1/95 | | | | |
| P-30 | | WSRP General Order 95-7, use of deadly force | | | | |
| | | force dated 1/1/95 | | | | |
| P-31 | | WSRP General Order 95-9 dated 1/1/95 | | | | |
| P-32 | | Schorr Susquehanna Twp. HS. Records (packet) | | | | |
| P-33 | | HSH Appendix A, Community Mental Health | | | | |
| | | Center  Crisis Intervention Service) | | | | |
| P-34 | | HSH Procedures for getting 302 commitment | | | | |
| | | paperwork served (packet) | | | | |

# LIST OF EXHIBITS

**CASE CAPTION: Schorr v. West Shore Regional Police**

**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:CV-01-0930**

**JUDGE: Hon. Yvette Kane**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-35 | | 12/11/00: Firearms Qualifications for Berresford | | | | |
| | | & Hart (four pages) | | | | |
| P-36 | | Handwritten statement of George Kahler | | | | |
| | | (11/18/00) | | | | |
| P-37 | | Incident Report C, Detective Simon Jackson | | | | |
| | | 11/22/00 | | | | |
| P-38 | | Camp Hill Borough Complaint form 11/18/00 | | | | |
| P-39 | | Incident Report HSH dated 6/17/99 (2 pages) | | | | |
| P-40 | | East Pennsboro Township Police Dept. Records | | | | |
| | | (9 pgs.) 11/18/00 | | | | |
| P-41 | | Cumberland Co. DA, Report of Detective David | | | | |
| | | Smith dated 11/18/00 with attachments | | | | |
| P-42 | | General Investigation report of Tpr. Sally A. | | | | |
| | | Worst dated 11/19/00 (packet) | | | | |
| | | | | | | |
| | | | | | | |

# LIST OF EXHIBITS

**CASE CAPTION: Schorr v. West Shore Regional Police**

**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:CV-01-0930**

**JUDGE: Hon. Yvette Kane**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-43 | — | Memo from Robert Goril to Cumberland Co. DA | — | — | — | — |
| — | — | dated 12/12/00 re: "302 totals for 1998-2000" | — | — | — | — |
| P-44 | — | Cumberland Co. Communication Logs, public | — | — | — | — |
| — | — | safety communications dated 11/18/00 (9 pgs., | — | — | — | — |
| — | — | including cover) | — | — | — | — |
| P-45 | — | (Packet) Bullet hole analysis | — | — | — | — |
| P-46 | — | Crisis intervention policy and procedures dated | — | — | — | — |
| — | — | 6/1/89 HSH (4 pgs.) | — | — | — | — |
| P-47 | — | Safety Manual - "Red Alert (HSH) (Revised 6/95) | — | — | — | — |
| P-48 | — | Cumberland Co. list of Hospitals dated 12/12/00 | — | — | — | — |
| P-49 | — | Cumberland County 12/12/00 list of Programs | — | — | — | — |
| — | — | and Services available to residents | — | — | — | — |
| P-50 | — | Cumberland County Mental Health Delegate | — | — | — | — |
| — | — | Manual (no date) | — | — | — | — |

# LIST OF EXHIBITS

**CASE CAPTION: Schorr v. West Shore Regional Police**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:CV-01-0930**
**JUDGE: Hon. Yvette Kane**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-51 | | Cumberland Co. Training Manual for Crisis | | | | |
| | | Workers at Stevens Center (no date) | | | | |
| P-52 | | Recognizing Special Needs MPOETC Training | | | | |
| P-53 | | Police Handling of Mentally 111 persons | | | | |
| | | Questionnaire (12/12/00)(and responses - packet) | | | | |
| P-54 | | Basic recruit curriculum MPOETC (no date) | | | | |
| P-55 | | Police Handling of mentally ill Questionnaire with | | | | |
| | | responses (responses re: Carlisle and WSRPD) | | | | |
| | | Response of Chief Dougherty to inquiry re: 302 | | | | |
| P-56 | | involuntary commitments dated 12/11/00 | | | | |
| P-57 | | Transcripts and Communication Log Times dated | | | | |
| | | 11/18/00 | | | | |
| P-58 | | Transcript Statement of Matthew Gaumer dated | | | | |
| | | 11/28/00 | | | | |

LIST OF EXHIBITS

CASE CAPTION: Schorr v. West Shore Regional Police
MIDDLE DISTRICT OF PENNSYLVANIA

CASE NUMBER: 1:CV-01-0930

JUDGE: Hon. Yvette Kane

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-59 | | Letter of John Sancenito, County detective to | | | | |
| | | Chief Dougherty dated 12/6/00 | | | | |
| P-60 | | Basic Training Curriculum CD dated 11/14/99 | | | | |
| P-61 | | Floor Plan of Schorr Apt. (2 pgs.) | | | | |
| P-62 | | Notes, measurements and photomaker list from | | | | |
| | | Schorr apt. dated 11/19/00 | | | | |
| P-63 | | Model Law for Assisted Treatment (2000) | | | | |
| | | (Treatment Advocacy Center Arlington, VA) | | | | |
| P-64 | | Videotape - "Ultimate Survivors" | | | | |
| P-65 | | Mephis Police Crisis Intervention Team Manual | | | | |
| | | (no date) | | | | |
| P-66 | | Holy Spirit Hospital Records, Ryan Schorr | | | | |
| | | (11/29/00 - packet) | | | | |
| | | | | | | |

LIST OF EXHIBITS

CASE CAPTION: Schorr v. West Shore Regional Police

MIDDLE DISTRICT OF PENNSYLVANIA

CASE NUMBER: 1:CV-01-0930

JUDGE: Hon. Yvette Kane

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-67 | ___ | Community Mental Health Treatment Center | ___ | ___ | ___ | |
| ___ | ___ | records HSH, Ryan Schorr (packet - 6/1/95) | ___ | ___ | ___ | |
| P-68 | ___ | Drug use profile sheets (Ryan Schorr - packet, | ___ | ___ | ___ | |
| ___ | ___ | no date) | ___ | ___ | ___ | |
| P-69 | ___ | Community Mental Health Center packet (Ryan | ___ | ___ | ___ | |
| ___ | ___ | Schorr) (no date) | ___ | ___ | ___ | |
| P-70 | ___ | Community Mental Health Center Holy Spirit | ___ | ___ | ___ | |
| ___ | ___ | Hospital Medical Records packet (10/4/99) | ___ | ___ | ___ | |
| P-71 | ___ | Community Mental Health Ctr. HSH, Medical | ___ | ___ | ___ | |
| ___ | ___ | Records packet Ryan Schorr (5/7/97) | ___ | ___ | ___ | |
| P-72 | ___ | CIS Patient Admission form and records packet | ___ | ___ | ___ | |
| ___ | ___ | Ryan Schorr (11/13/95) | ___ | ___ | ___ | |
| P-73 | ___ | PIMCC Pharmacy Report for Cumberland Co. | ___ | ___ | ___ | |
| ___ | ___ | 1997 - (10/00) | ___ | ___ | ___ | |

# LIST OF EXHIBITS

**CASE CAPTION: Schorr v. West Shore Regional Police**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:CV-01-0930**
**JUDGE: Hon. Yvette Kane**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-74 | ___ | Ryan Schorr Medication Receipt 11/16/00 | | | | |
| P-75 | ___ | Edgewater Psychiatric Records of Ryan Schorr | | | | |
| P-76 | ___ | "302" Involuntary Commitment Packet for Ryan | | | | |
| ___ | ___ | Schorr, Dated 11/18/00 | | | | |
| P-77 | ___ | Edgewater Psychiatric Center Records, Ryan | | | | |
| ___ | ___ | Schorr, (4/24/99) | | | | |
| P-78 | ___ | HSH D&A Outpatient Services (Packet) | | | | |
| ___ | ___ | Ryan Schorr, Dated 6/21/00 | | | | |
| P-79 | ___ | HSH D&A Outpatient Services (Packet) | | | | |
| ___ | ___ | Ryan Schorr, (Dated 7/16/99) | | | | |
| P-80 | ___ | HSH D&A Outpatient Services (Packet) | | | | |
| ___ | ___ | Ryan Schorr, Dated 10/31/95 | | | | |
| P-81 | ___ | Community Mental Health Treatment Center | | | | |
| ___ | ___ | Records, Ryan Schorr, Dated 10/4/99 (Packet) | | | | |

### LIST OF EXHIBITS

CASE CAPTION: Schorr v. West Shore Regional Police

MIDDLE DISTRICT OF PENNSYLVANIA

CASE NUMBER: 1:CV-01-0930

JUDGE: Hon. Yvette Kane

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| P-82 | | Mandatory In Service Training WSRP | | | | |
| | | (Packet 1999-2002 | | | | |
| P-83 | | WSRP Manual With Attachments (No Date) | | | | |
| P-84 | | WSRP Complaint Report (Packet) Dated | | | | |
| | | 11/18/00 | | | | |
| P-85 | | Letter of Detective John Sancenito Dated | | | | |
| | | 12/6/00 with Attached Response from Dougherty | | | | |
| P-86 | | Photographs - Ryan Schorr Residence | | | | |
| -?- | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KEITH I. SCHORR, SUSAN SCHORR, | : | JURY TRIAL DEMANDED |
| in their own right and as personal | : | |
| representatives of the ESTATE OF | : | |
| RYAN K. SCHORR | : | |
| | : | HONORABLE YVETTE KANE |
| v. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| BOROUGH OF LEMOYNE, et al. | : | |
| | : | |
| Defendants. | : | NO.  1:CV-01-0930 |

## PLAINTIFFS' PROPOSED SPECIAL VERDICT QUESTIONS

I.    PLAINTIFFS' CLAIMS AGAINST HOLY SPIRIT HOSPITAL ["HSH"]

1.    Do you find that HSH was grossly negligent in its action or failures to
act in the care, treatment and custody of Ryan Schorr?

____Yes                    ____No

2.    Do you find that HSH, acting or failing to act with deliberate
indifference, deprived Ryan Schorr of his Constitutional rights, as the
Court has explained them to you?

____Yes                    ____No

3.  If you answered "yes" to either No. 1 or No. 2, do you find that

HSH's actions or failures to act were a substantial factor in bringing

about Ryan Schorr's death?

___Yes                    ___No

II.  **CLAIMS AGAINST WEST SHORE REGIONAL**
     **POLICE COMMISSION AND CHIEF DOUGHERTY**

4.  Do you find that West Shore Regional Police Commission or Chief

Dougherty, acting with deliberate indifference, failed to implement

policies which would have enabled police officers to encounter Ryan

Schorr in a safe manner?

___Yes                    ___No

5.  If you answered "yes" to no. 4, do you find that defendants' acts or

failures to act were a substantial factor in bringing about Ryan

Schorr's death?

___Yes                    ___No

III.  **CLAIMS AGAINST CUMBERLAND COUNTY**

6.  Do you find that Cumberland County, acting or failing to act with

deliberate indifference, deprived Ryan Schorr of his Constitutional

rights, as the Court has explained them to you?

___Yes                    ___No

2

7.    If you answered "yes" to no. 6, do you find that Cumberland

County's acts or failures to act were a substantial factor in bringing

about Ryan Schorr's death?

____Yes                    ____No

## IV.   DAMAGES

ANSWER THE FOLLOWING QUESTIONS ONLY IF YOUR ANSWERS

ARE CONTAINED IN *ANY* OF THE FOLLOWING COMBINATIONS?

A.    "Yes" to #s 1 and 3;
           or
B.    "Yes" to #s 1, 2 and 3;
           or
C.    "Yes" to #s 2 and 3;
           or
D.    "Yes" to #s 4 and 5;
           or
E.    "Yes" to #s 6 and 7;

8.    What amount of damages do you award plaintiffs for the following

items?

a)    Pain and suffering of Ryan Schorr:          $_____

b)    Economic damages arising from the death
      of Ryan Schorr:                              $_____

ANSWER THE FOLLOWING ADDITIONAL QUESTION ONLY IF

YOUR PREVIOUS ANSWERS ARE CONTAINED IN ANY OF THE

FOLLOWING COMBINATIONS:

3

> A. "Yes" to 2 and 3;
> > or
> B. "Yes" to 4 and 5;
> > or
> C. "Yes" to 6 and 7;

9. What amount of damages do you award the parents of Ryan Schorr in compensation for their loss of their parent-child relationship with him?

Keith Schorr            $_____

Susan Schorr           $_____

4

# <u>CERTIFICATE OF SERVICE</u>

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Pretrial Memorandum and Special Verdict Questions by first class mail, postage prepaid upon the following counsel:

John F. Yaninek, Esquire
Mette, Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
Counsel for Defendants Borough of Cumberland,
Cumberland County Mental Health/Mental
Retardation Center and Holy Spirit Hospital

Gregory J. Hauck, Esquire
David J. MacMain, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Counsel for Defendants West Shore Regional
Police Commission

_____
GERALD J. WILLIAMS, ESQUIRE

Dated:       May 21, 2003

F:\DATA\SCHORR\PLEADING\5-21-03pretrialmemo.wpd